UNITED STATES of America, Plaintiff-Appellee,

v.

Ray L. CORONA and Rafael L. Corona, Defendants-Appellants.

No. 86-5287.

United States Court of Appeals, Eleventh Circuit.

Dec. 3, 1986.

Donald I. Bierman, Benedict P. Kuehne, Bierman, Sonnett, Shohat & Sale, P.A., Theodore Klein, Charles Auslander, Fine, Jacobson, Schwartz, Nash, Block & England, Miami, Fla., for defendants-appellants.

Leon B. Kellner, U.S. Atty., Thomas A. Blair, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before VANCE and ANDERSON, Circuit Judges, and PITTMAN *, Senior District Judge.

---

* Honorable Virgil Pittman, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

CORRECTED OPINION

ANDERSON, Circuit Judge:

The issue in this case is whether retrial of the defendants following a hung jury violates the double jeopardy clause when there has been a superseding indictment which expands upon the original charges. We hold that there is no violation of the double jeopardy clause.

Defendants Ray Corona and Rafael Corona were charged in the original indictment with numerous counts of racketeering and racketeering conspiracy, as well as various related predicate offenses which were all incorporated into the racketeering and racketeering conspiracy counts. The indictment alleged that the Coronas, along with several co-defendants, were part of a marijuana smuggling syndicate. This enterprise was engaged in the illegal brokering of multi-ton loads of marijuana imported from Colombia and the laundering of the drug proceeds through various banks in the United States and Panama through the creation of sham corporations. Forty-eight separate acts of racketeering were alleged in the original indictment. These acts fell into five statutory groups: (1) drug offenses, in violation of various Title 21 provisions; (2) Travel Act violations, relating to promoting, managing, establishing and carrying on an unlawful marijuana business enterprise, in violation of 18 U.S.C. § 1952(a)(3); (3) Travel Act violations relating to the distribution of proceeds from an unlawful marijuana business enterprise, in violation of 18 U.S.C. § 1952(a)(1); (4) mail frauds, in violation of 18 U.S.C. § 1341; and (5) wire frauds relating to money laundering in violation of 18 U.S.C. § 1343.

During the ten-week jury trial, the government withdrew two counts as to Ray Corona and one count as to both Ray Corona and Rafael Corona, conceding that it had not presented adequate proof as to those charges. After lengthy jury deliberations, the jury announced that it could not reach a unanimous verdict as to either Ray Corona or Rafael Corona on the remaining charges. The district court therefore declared a mistrial due to the failure of the jury to agree on a verdict as to the Coronas. Of the other three defendants, two were convicted and one was acquitted.

Three months after the discharge of the jury, the government sought and received a superseding indictment from the grand jury. This superseding indictment limited allegations to Ray Corona and Rafael Corona only, and did not substantially change the general allegations of racketeering and conspiracy set forth in the original indictment. However, several specific charges were altered, some new charges were added, and other charges were deleted. The most significant of these changes were as follows: an expansion of the dates of the alleged conspiracy, adding six months at the beginning of the eight-year conspiracy and twelve months at the end (reflecting the time between the indictments, during which time the enterprise allegedly continued operations); the addition of new overt acts in furtherance of the conspiracy; and additional counts of mail fraud and Travel Act violations.

The Coronas sought dismissal of the superseding indictment based on double jeopardy grounds. The district court denied the motion, and the Coronas filed this appeal to the Eleventh Circuit. They sought a stay from the district court pending disposition of the interlocutory appeal; the district court denied the motion, without making a finding that the double jeopardy claim was frivolous or dilatory. The Coronas renewed their request for a stay before the Eleventh Circuit, which found the Coronas' double jeopardy claim colorable and therefore granted the stay. Having heard argument on the merits, we now affirm the district court's holding that no double jeopardy violation would occur as a result of a retrial on the superseding indictment.

I. JURISDICTION

As a threshold matter, we note that this court has jurisdiction to hear this interlocutory appeal under the authority of *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). *Abney* held

that a district court's pretrial order denying a defendant's motion to dismiss an indictment on colorable double jeopardy grounds was a "final decision" and was therefore immediately appealable. *See also United States v. Dunbar*, 611 F.2d 985 (5th Cir.) (en banc), *cert. denied*, 447 U.S. 926, 100 S.Ct. 3022, 65 L.Ed.2d 1120 (1980); *United States v. Cerilli*, 558 F.2d 697 (3d Cir.), *cert. denied*, 434 U.S. 966, 98 S.Ct. 507, 54 L.Ed.2d 452 (1977). We are thus able to reach the merits of the Coronas' double jeopardy argument.

## II. DOUBLE JEOPARDY IMPLICATIONS OF A SUPERSEDING INDICTMENT FOLLOWING A HUNG JURY

The defendants strongly argue that double jeopardy prevents the return of a superseding indictment following a hung jury. They base their argument on two well-established principles of law. First, defendants rely on the concept of "continuing jeopardy," set forth in *Richardson v. United States*, 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984). Justice Rehnquist, writing for the majority in *Richardson*, used the concept of continuing jeopardy to explain why retrial after a hung jury was not barred by the double jeopardy clause. Since jeopardy was not terminated by the declaration of a mistrial, it could not be *double* jeopardy to retry the defendant.

The second principle of law relied upon by defendants holds that a superseding indictment cannot be brought once a trial on the merits has begun. *See United States v. DelVecchio*, 707 F.2d 1214, 1216 (11th Cir.1983); *United States v. Cole*, 755 F.2d 748, 757 (11th Cir.1985).

Defendants combine the foregoing principles of law, arguing that since this case involves continuing jeopardy under *Richardson*, then this case is like a single trial for jeopardy purposes and a superseding indictment cannot be brought once the trial has begun. The defendants have linked together two unrelated principles of law and have sought to draw conclusions which go beyond the purpose and rationale of the two established principles. Defendants' argument lacks force when we consider the rationale behind disallowing superseding indictments during a trial on the merits. The implicit rationale behind such holdings is that a defendant should have advance notice of the charges against him. *See, e.g., United States v. Edwards*, 777 F.2d 644, 649 (11th Cir.1985) (additional charges in superseding indictment put defendants on notice, in a timely manner, of those charges against which they had to defend), *cert. denied*, —— U.S. ——, 106 S.Ct. 1645, 90 L.Ed.2d 189 (1986); *United States v. Wilks*, 629 F.2d 669, 672 (10th Cir.1980) (holding that superseding indictment before trial was not prejudicial to defendant since it presented no factual questions that should not have been answered by defendant's investigation of original indictment). Changes in the substance of the indictment, therefore, should not be foisted upon a defendant after trial begins. However, this rationale does not apply in the current context. After a mistrial because the jury hung or for any other such reason, the defendant would have ample time to prepare for his defense under a superseding indictment. Therefore, even though jeopardy has attached to the defendant, the practical effect of a superseding indictment after a hung jury is no different from one returned with ample time before a trial on the merits.

We now set forth the proper application of the two principles of law to this case. Since the mistrial here as a result of the hung jury did not terminate the jeopardy which had attached to the defendants, the retrial of the defendants was not double jeopardy. *Richardson v. United States*, 468 U.S. at 325, 104 S.Ct. at 3086. Since the superseding indictment allowed ample time for defendants' preparation prior to retrial, it was analogous to a superseding indictment before trial and was not analogous to a superseding indictment during trial. *United States v. Edwards*, 777 F.2d at 649.

Although we have found no cases in this circuit squarely on point, the Ninth Circuit

in *Howard v. United States,* 372 F.2d 294, 299–300 (9th Cir.), *cert. denied,* 388 U.S. 915, 87 S.Ct. 2129, 18 L.Ed.2d 1356 (1967), addressed a very similar issue. The *Howard* court rejected a double jeopardy challenge and expressly approved a superseding indictment following a mistrial occasioned by a hung jury. The superseding indictment there included several of the counts of the original indictment as to which the jury had hung and added several new charges as well. The Second Circuit has also permitted a superseding indictment following a hung jury. *United States v. Sonnenschein,* 565 F.2d 235 (2d Cir.1977). *See also United States v. Cerilli,* 558 F.2d at 700–701 (rejecting a double jeopardy challenge to a superseding indictment following a mistrial for reasons other than a hung jury).[1]

Our conclusion that no double jeopardy problem is implicated here also comports with common sense. It has long been established that a defendant can be retried on the *same* charges following a mistrial. *See Richardson,* 468 U.S. at 323, 104 S.Ct. at 3085. It is also clear that one who has been either acquitted or convicted of a particular offense can nonetheless be indicted and tried on a *new* offense, so long as the new offense is separate from the previous charge.[2] Therefore, it makes no sense to argue, as defendants do, that the defendants, whose trial ended in a mistrial, can be retried on the same charges, and can be retried on completely separate and additional charges, but cannot be retried on some lesser amendment of the existing charges.[3]

For the foregoing reasons, we find the Coronas' arguments without merit.

AFFIRMED.

1. This circuit rejected a prosecutorial vindictiveness challenge to a superseding indictment following a hung jury, *United States v. Mays,* 738 F.2d 1188 (11th Cir.1984), but was not faced with a double jeopardy claim. Since appellants have not presented in this appeal the issue of whether prosecutorial vindictiveness played a role in the decision to obtain a superseding indictment, we need not address the issue.

2. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1931), sets out the test for determining whether or not the new offense is a separate offense.

Since the additional, new counts of mail fraud and Travel Act violations in this case would satisfy the *Blockburger* test, a new trial on these charges would clearly be permissible. Defendants have not argued, nor could they on these facts, that joining the new charges with the old charges would violate the standard for joinder of offenses. *See* Fed.R.Crim.P. 13.

3. The change of dates in the subsequent indictment constitutes such an amendment of existing charges.

We need not decide whether the allegations of new overt acts in the superseding indictment constitute an amendment of existing charges or merely new evidence with regard to the same charges, since either way they pose no double jeopardy problem.