**REPORTED**

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 576
September Term, 2012


No. 2184
September Term, 2012

_____


STATE OF MARYLAND

v.

DEVIN FERGUSON

CONSOLIDATED CASES


Eyler, Deborah S.,
Zarnoch,
Sharer, J. Frederick
    (Retired, Specially Assigned),


JJ.


Opinion by Sharer, J.


Filed: August 28, 2014

In these consolidated appeals, the State challenges related decisions by the Circuit Court for Baltimore City to dismiss two indictments charging Devin Ferguson, appellee, with handgun offenses.

In August 2011, the State indicted Ferguson on three firearms charges, including two counts of possessing a firearm after having been convicted of a disqualifying crime. When the parties appeared for trial in February 2012, Ferguson complained that the indictment failed to identify his predicate conviction and contained other ambiguities, but trial was postponed for lack of a courtroom. In the interim before the rescheduled trial date, Ferguson filed a motion to dismiss the indictment, and the State, "out of an abundance of caution," obtained a superseding indictment charging him with the same offenses, specifying the predicate conviction, and eliminating the ambiguities about which Ferguson complained. We shall refer to the original indictment as the 2011 Indictment and the superseding indictment as the 2012 Indictment.

When the parties appeared on the rescheduled trial date, the prosecutor advised that the State was prepared either to proceed on the 2011 Indictment, to amend that indictment, or to *nol pros* the original indictment and proceed on the 2012 Indictment. The circuit court disapproved of the State having filed the superseding indictment without notifying either the court or defense counsel until the parties appeared for trial. The court ruled that the 2011 Indictment was defective and dismissed it "with prejudice." The State appeals that judgment, in No. 576, Sept. Term 2012.

Ferguson thereafter moved to dismiss the 2012 Indictment on the ground that dismissal of the 2011 Indictment "with prejudice" precludes the State from proceeding on the 2012 Indictment. The court granted the motion. The State appeals that judgment, in No. 2184, Sept. Term 2012.

These consolidated appeals collectively present the following questions:

> 1. Did the court err in dismissing the 2011 [I]ndictment against Ferguson "with prejudice"?
>
> 2. Did the court err in dismissing the superseding 2012 [I]ndictment against Ferguson?

We answer both questions "yes," agreeing with the State that the circuit court erred in dismissing the original 2011 Indictment "with prejudice" and in dismissing the superseding 2012 Indictment on the basis of that erroneous ruling.

## FACTS AND LEGAL PROCEEDINGS

When Ferguson was arrested on August 2, 2011, he was allegedly in possession of a handgun. On August 30, 2011, a Baltimore City grand jury indicted him on three charges:

**Count 1:** possessing a regulated firearm after having been convicted of a disqualifying crime of violence or drug crime, in violation of Md. Code, § 5-133(c) of the Public Safety Article;

**Count 2:** wearing, carrying, or transporting a handgun, in violation of Md. Code, § 4-203 of the Criminal Law Article ("Crim."); and

**Count 3:** possessing, owning, carrying, or transporting a firearm after having been convicted of a felony, in violation of Crim. § 5-622(b).

2

This 2011 Indictment, filed in Case No. 11242001, was scheduled for trial on February 17, 2012.

On that date, before jury selection began, defense counsel complained that Counts 1 and 3 of the 2011 Indictment failed to identify the predicate disqualifying conviction. The prosecutor acknowledged the omission but argued that the indictment was not defective because of it and informed the court that Ferguson's disqualifying conviction was for possession of a controlled dangerous substance with intent to distribute. Although both sides were prepared for trial, no court was available, and trial was postponed until April 6, 2012. Explaining that it did not have time to conduct a full hearing on Ferguson's oral motion to dismiss Counts 1 and 3, the court advised defense counsel to file a written motion, which was likely to be heard on the rescheduled trial date.

Defense counsel did so on February 27, 2012. Instead of filing a written response to that motion, as would have been appropriate, the State obtained, on March 30, 2012, a superseding indictment that identified the predicate conviction and clarified other language.

When the parties appeared on April 6, 2012, defense counsel complained that he had not been served with the new indictment and had only learned of its existence the previous day at 4:30 p.m., when he received an email with an attachment that he could not open. Defense counsel again asked the court to dismiss Counts 1 and 3 of the 2011 Indictment and to send the case out for trial on Count 2.

The prosecutor explained that she did not file an opposition because, based on the court's earlier remarks, her impression was that "you were going to let the trial court decide that issue." She maintained that the original 2011 Indictment was not defective and that the 2012 Indictment had been filed "in an abundance of caution" after defense counsel challenged the 2011 Indictment. She advised that Ferguson was scheduled to be arraigned on the 2012 Indictment on May 16, 2012. In light of defense counsel's complaints, the prosecutor suggested that Ferguson had a choice between (1) proceeding to trial that day, either on the original 2011 Indictment or an amended version of it substantially in the form of the 2012 Indictment; and (2) awaiting arraignment on the 2012 Indictment, then proceeding to trial in that case.

The court inquired whether the State would enter a *nolle prosequi* on Count 2, and defense counsel inquired whether Ferguson would be released from custody if all of the charges in the first case were either dismissed or *nol prossed*. The prosecutor responded that if trial did not proceed that day on all counts of the 2011 Indictment, the State would *nol pros* any remaining counts and continue to hold Ferguson under the 2012 Indictment, which was linked to the same tracking number as the original indictment. Defense counsel insisted that it would be "completely unfair" to "step back into arraignment court on this," in light of the fact that Ferguson would remain incarcerated, the defense had six witnesses prepared to testify that day, and the case had already been postponed beyond the *Hicks* deadline.

4

At that point, the court inquired why the State had obtained the superseding indictment, pointing out that the omission of the predicate conviction in the original indictment should have been corrected "way before" the rescheduled trial date. The Assistant State's Attorney reiterated that the State believed that the original indictment was not defective and proffered that the State identified the predicate conviction in discovery filed on November 11, 2011. She explained that she filed the superseding indictment at the direction of her supervisor "in the event that the Court believes that my counts are defective." Dissatisfied with that response, the court instructed the Assistant State's Attorney to get her supervisor.

A Deputy State's Attorney appeared and also took the position that Count 1 was not defective, because it was not necessary to specify the predicate conviction, which in any event had been identified in discovery. As to Count 3, she acknowledged, "that is not that [sic] way we would typically charge a case," but argued that the charging language was not defective, while conceding that the argument "is more attenuated than the latter."

The court strongly criticized the State for obtaining a superseding indictment without notifying the court or defense counsel until the rescheduled trial date. On Ferguson's motion to dismiss Counts 1 and 3 of the 2011 Indictment, the court ruled as follows:

> I do believe that the indictment, let's see, counts I and III are defective. I do believe that Counsel for defense gave State satisfactory notice that there is to be an argument for it. And the State chose to, instead of advising the Court of its argument in writing or orally at some point before the day of trial, which is today, decided to, on its own, file a superseding indictment

5

believing that this Court would simply allow a superseding indictment to come in at some point in time when there was already a case set for trial.

This Court will not allow that. This indictment, counts I and III are **dismissed with prejudice**.

(Emphasis added.)

The prosecutors nonetheless advised the court that they intended to proceed on the 2012 Indictment and that Ferguson would be held under that indictment due to "public safety concerns." When the trial court reiterated that it found the State's lack of notice unfair, the Deputy Assistant State's Attorney inquired, "How can we press charges?" The following colloquy ensued:

> THE COURT: Here's how you correct and do it properly. Do – let the Court know that you're doing it. You don't just get to supersede while you have this and let me think that we have a trial that's about to start.
>
> [DEPUTY STATE'S ATTORNEY]: I wish we hadn't. . . .
>
> THE COURT: I understand. And that's my point. That's why I'm saying in this case and this case alone. I'm not saying that the State does not have the right to supersede. You absolutely, positively do. And if there's a problem with an indictment, you do what you do, but [defense counsel] placed the State on notice a long time ago . . . . to do it in this manner, candidly speaking, I'm offended and I don't think it's fair. So again, in this particular case, no response was filed to [defense counsel's] motion? I'm here for a trial and now I'm told, that "oh no, well, we've superseded it." So basically Court, you have to do what we say and that's not going to happen in this courtroom.
>
> [DEPUTY STATE'S ATTORNEY]: Well, I'm not sure that's what – we're not saying that. We're saying that we are trying

6

to correct the charges. And I agree with your statement about not responding correctly but I just don't want the fundamental case (indiscernible).

THE COURT: It will be because again under these facts and these facts alone. Let's be very clear. I'm not talking about a blanket policy. I'm talking about what is happening in this particular case, the way it's been presented to the court, being prepared for trial, not prepared for trial and then saying if you want to go to trial that's fine, but no, well, we have a superseding indictment anyway.

I'm offended by that. I mean, basically what you're saying, not you personally, and not even you personally, is that we tried, we did this, but you know what Judge, if this doesn't work, don't worry about it because we have something else for him; and that, that's not going to work in this courthouse. It's just simply not. And that is not what you normally do.

[DEPUTY STATE'S ATTORNEY]: No.

THE COURT: And like I said, I'm very clear on that. What you would normally do is say, oh, we've determined that there is a problem; we'll supersede. We'll let you know or we'll attempt to, to amend and if the defense objects to the amendment, which is absolutely fine, then you file a superseding indictment and you move on.

But, you don't wait until the date of trial, tell the trial court, okay, we don't really care what you say or do, because if you dismiss this then we have something else. That . . . circumvents the process and I am offended by that and that's what I see happening in this case and this case only.

The State ultimately *nol prossed* Count 2 of the 2011 Indictment (i.e., misdemeanor wearing, carrying and transporting a handgun), resulting in a final judgment. The appeal from that judgment is before us in No. 576, Sept. Term 2012.

7

On April 10, 2012, in Case No. 112089028, defense counsel filed a motion to dismiss Counts 1 and 3 of the 2012 Indictment, on the ground that those counts purported to revive the two counts that were dismissed with prejudice from the 2011 Indictment. On May 30, at the arraignment hearing on the 2012 Indictment, a different judge considered Ferguson's motion to dismiss Counts 1 and 3 of the 2012 Indictment. The State opposed dismissal, arguing that it was entitled to re-indict Ferguson notwithstanding the "with prejudice" language in the judgment dismissing the 2011 Indictment. The court advised that she intended to hold defense counsel's motion to dismiss Counts 1 and 3 of the 2012 Indictment *sub curia*, pending resolution of the State's appeal challenging dismissal with prejudice of the 2011 Indictment. When the State requested a decision on its motion, however, the court granted defense counsel's motion to dismiss counts 1 and 3 of the 2012 Indictment on the basis of the prior judgment dismissing "with prejudice" the same counts in the 2011 Indictment. After *nol prossing* Count 2, the State appealed the dismissal of Counts 1 and 3 of the 2012 Indictment, in the second appeal before us, No. 2184, Sept. Term 2012.

With the parties' consent, the two appeals have been consolidated for briefing, argument, and decision.

## DISCUSSION

### Standards Governing Dismissal of Indictments

Maryland Rule 4-202(a) requires a charging document to include, in addition to "the name of the defendant" and "the time and place the offense occurred," "a concise and

8

definite statement of the essential facts of the offense with which the defendant is charged[.]" In Maryland, "every criminal charge must, first, characterize the crime; and, second, it must provide such description of the criminal act alleged to have been committed as will inform the accused of the specific conduct with which he is charged, thereby enabling him to defend against the accusation and avoid a second prosecution for the same criminal offense." *Williams v. State*, 302 Md. 787, 791 (1985); *see In re Roneika S.*, 173 Md. App. 577, 591-92 (2007).

Under these standards, "little factual detail, beyond a statement of the essential elements of the offense, *e.g.*, the precise manner and means of committing the offense, generally is required in the charging document." *Roneika S.*, 173 Md. App. at 596-97. "[S]o long as the essential elements of the charged offense have been identified, additional factual detail can be supplied through other means." *Id*. at 600-01 (citation omitted). *See, e.g.*, Md. Rule 4-241(a) ("the defendant may file a demand . . . for a bill of particulars"). Moreover, "'indictments for statutory offenses are sufficient if laid in the words of the statute,' as long as the statutory words are 'sufficient to meet the practical needs which an indictment is intended to supply[.]'" *Thomas v. State*, 183 Md. App. 152, 185-86 (2008) (citation omitted), *aff'd on other grounds*, 413 Md. 247 (2010).

Decisions about whether to dismiss charges and whether to re-file charges are uniquely within the State's broad prosecutorial authority. Under Maryland Rule 4-247(a), "[t]he State's Attorney may terminate a prosecution on a charge and dismiss the charge by

9

entering a nolle prosequi on the record in open court." Entry of a *nol pros* "is generally within the sole discretion of the prosecuting attorney, free from judicial control and not dependent upon the defendant's consent." *Ward v. State*, 290 Md. 76, 83 (1981).

> All that a *nol pros* does . . . is carry out the prosecutor's desire not to proceed against the accused on the basis of that particular charging document. A *nol pros* does not allay the possibility of a future charge for the same offense. Subject to dismissal on other grounds, the entry of a *nol pros* causes the matter to lie dormant until and unless the prosecutor elects to proceed on a new indictment, information or other charging document.

*Huebner v. District Court of Maryland*, 62 Md. App. 462, 470 (1985), *aff'd*, 305 Md. 601 (1986) (citations omitted).

Under Maryland law, a motion to dismiss an indictment issued by a grand jury must be premised on "some substantial defect on the face of the indictment, or in the indictment procedure, or where there is some specific statutory requirement pertaining to the indictment procedure which has not been followed." *State v. Bailey*, 289 Md. 143, 150 (1980). In a criminal case, "'a charging document that fails to give adequate notice of the charges is deficient and subject to dismissal[.]'" *Roneika S.*, 173 Md. App. at 592 (quoting *Denicolis v. State*, 378 Md. 646, 661 (2003)).

When a motion to dismiss an indictment stems from allegations of improper prosecutorial conduct, however, Maryland courts have held that the nature of such conduct must warrant invalidating the grand jury's action and that "[e]ven deliberate or intentional misconduct may not serve as grounds for dismissal absent a finding of prejudice to the

10

defendant." *State v. Deleon*, 143 Md. App. 645, 664, 667 (2002). In this context, prejudice may be shown by establishing that, but for the alleged misconduct, the grand jury likely would not have indicted the defendant. *See id*.

## The State's Claims of Error

"In a criminal case, the State may appeal . . . . from a final judgment granting a motion to dismiss or quashing or dismissing any indictment, information, presentment, or inquisition." Md. Code, § 12-302(c)(1)-(2) of the Courts & Jud. Proc. Article ("CJP"). The State challenges the dismissal of Counts 1 and 3 in both the 2011 and the 2012 Indictments. Specifically, the State contends that "the court committed two errors in dismissing" those counts of the original 2011 indictment. First, the court "erred in finding that the language of the two challenged counts was defective" because "[t]he indictment sufficiently put Ferguson on notice of the charge and provided sufficient information to allow him to prepare a defense." Second, the court "erred in dismissing the counts 'with prejudice'" so that "this dismissal precluded prosecution under the superseding indictment," because "[j]eopardy had not attached and there is no procedural bar to proceeding under the second indictment." In turn, the State maintains, "[t]hese errors led the court to commit a third error on December 7, 2012, when it dismissed the [2012 Indictment] on the grounds that the April 6 ruling on the 2011 [I]ndictment precluded the State from moving forward on the 2012 [I]ndictment." We shall consider each judgment of dismissal in turn.

11

## I. Dismissal of the 2011 Indictment "With Prejudice"
### (Appeal No. 576, Sept. Term 2012)

The 2011 Indictment identified Ferguson by name and two aliases, and set forth the date and address of the offense, as well as the name of the charging police officer and other witnesses. But Counts 1 and 3 did not identify the disqualifying conviction that served as a predicate for those charges.

Count 1 charged Ferguson with violating Md. Code, § 5-133(c) of the Public Safety Article ("PS"),[1] as follows:

> The Jurors of the State of Maryland for the body of the City of Baltimore, do on their oath present that the aforesaid DEFENDANT(S), late of said City, heretofore on or about the date(s) of offense set forth above, at the location(s) set forth above, in the City of Baltimore, State of Maryland, **having been convicted of a [crime of violence, as defined in Public Safety Article, Section 5-101/ a violation of Criminal Law Article,**

---

[1] PS § 5-133(c)(1) provides:

> A person may not possess a regulated firearm if the person was previously convicted of:
>
> (i) a crime of violence;
>
> (ii) a violation of § 5-602, § 5-603, § 5-604, § 5-605, § 5-612, § 5-613, or § 5-614 of the Criminal Law Article [pertaining to drug-related felonies]; or
>
> (iii) an offense under the laws of another state or the United States that would constitute one of the crimes listed in item (i) or (ii) of this paragraph if committed in this State.

**Section [5-602/ 5-603/ 5-604 5-605/ 5-606/ 5-612/ 5-613/ 5-614]]**, did possess a regulated firearm, in violation of Public Safety Article, Section 5-133 of the Annotated Code of Maryland; against the peace, government, and dignity of the State.

[PS 5-101(c); PS 5-101(g)(1); PS 5-133(c)] 2 2030

(Emphasis added.)

The State contends that the circuit court erred in dismissing this count because pleading the specific nature of the disqualifying conviction is "not necessary to charge the offense." Ferguson responds that

> [t]his count is defective because an element of the offense is charged in the disjunctive, not in the conjunctive. In other words, it alleges that Mr. Ferguson's possession of a firearm was illegal because he had a conviction for either a crime of violence or a violation of Criminal Law Article, § 5-602 or § 5-603 or § 5-604 or § 5-605 or § 5-606 or § 5-612 or § 5-613 or § 5-614. The virgule ( / ) is used to indicate alternative choices. It means, "or." *See Pelican Nat'l Bank v. Provident Bank*, 381 Md. 327, 338 n.10 (2004) (explaining what a virgule signifies).

Like Count 1, Count 3 of the 2011 Indictment features language from the statute prohibiting possession of a firearm by a person previously convicted of a disqualifying felony, in violation of Md. Code, § 5-622(b) of the Criminal Law Article,[2] as follows:

---

[2] Section 5-622(b) provides in pertinent part:

> (b) Prohibited - A person may not possess, own, carry, or transport a firearm if that person has been convicted of:
>
> (1) a felony under this title;

(continued...)

13

The Jurors of the State of Maryland for the body of the City of Baltimore, do on their oath present that the aforesaid DEFENDANT(S), late of said City, heretofore on or about the date(s) of offense set forth above, at the locations set forth above, in the City of Baltimore, State of Maryland, did possess, own, carry, and transport a firearm after being convicted of: 1. a felony **under this subheading**; 2. An offense under the laws of the United States, another state, or the District of Columbia that would be **a felony under this [sic]** 3. **Conspiracy or attempt to commit [insert wording from paragraph 1 or 2 above]**; against the peace, government and dignity of the State.

blank statute code 1 0692 [sic]

(Emphasis added.)

The State reiterates that its failure to identify Ferguson's disqualifying conviction, by itself, did not justify dismissal of Count 3. In his brief, Ferguson contends that, apart from omitting the predicate conviction, "[t]he language of Count 3 is defective because it makes no sense." In support, he contends "[i]t is apparent to anyone reading the language of Count 3 that words necessary to make clear the violation alleged are missing."

---

[2](...continued)

> (2) a crime under the laws of another state or of the United States that would be a felony under this title if committed in this State;
>
> (3) conspiracy to commit a crime referred to in paragraphs (1) and (2) of this subsection; or
>
> (4) an attempt to commit a crime referred to in paragraphs (1) and (2) of this subsection.

14

To our knowledge, there is no Maryland precedent deciding whether the State must identify the predicate or disqualifying conviction when charging these offenses.[3] We need not decide that question, however, because the 2011 Indictment was superseded by the 2012 Indictment, which Ferguson concedes was adequate to charge the two handgun offenses alleged in Counts 1 and 3. As the prosecutor intended, the superseding 2012 Indictment mooted any flaws in the original 2011 Indictment.[4] *See Guy v. State*, 91 Md. App. 600, 606

---

[3] *Cf. Bremer v. State*, 18 Md. App. 291, 307-10 (1973) (rejecting argument that indictment for possession of a firearm was "fatally defective" because it did not "identify the weapon sought to be referred in any manner, even as being a pistol," because the State was not required to identify the specific type of firearm in the charging document and defendant "demanded and was granted particulars" concerning the type of firearm involved).

[4] In Count 1 of the 2012 Indictment, the State alleged that Ferguson,

> having been convicted of a violation of Criminal Law Article, Section 5-602, to wit: **2006 POSSESSION WITH THE INTENT TO DISTRIBUTE CDS UNDER BALTIMORE CITY CIRCUIT COURT CASE NO. 106023043**, did possess a regulated firearm, to wit: **SMITH AND WESSON .38 CALIBER REVOLVER** in violation of Public Safety Article, Section 5-133(b) . . . .

(continued...)

15

(1992). Because there is no dispute that the charges in the 2012 Indictment are sufficient, the only justiciable issue in this appeal (*i.e.*, No. 576) is whether the court erred in dismissing the 2011 Indictment "with prejudice." Our decision on that question will dictate the result in No. 2184, because if, as the State contends, "the words 'with prejudice' were without legal meaning," then the judgment dismissing the 2011 Indictment "had no preclusive effect which would in any way prohibit the State from proceeding with the 2012 [I]ndictment."

We agree with the State that the court erred in dismissing the 2011 Indictment "with prejudice." The State has broad discretion to file a superseding indictment at any time before jeopardy attaches, which in Case No. 11242001 did not occur because trial did not begin, so that Ferguson was not at risk of "a determination of guilt." *See generally Odem v. State*, 175 Md. App. 684, 699-700, 703 (2007) (Jeopardy has not attached during a preliminary hearing on the sufficiency of a charging document.). Here the State filed the 2012 Indictment before the rescheduled trial date on the 2011 Indictment, for the good faith

---

[4](...continued)
In Count 3 of the 2012 Indictment, the State alleged that Ferguson

> did POSSESS, OWN, CARRY AND TRANSPORT A FIREARM to wit: **SMITH AND WESSON .38 CALIBER REVOLVER** after having been convicted of **2006 POSSESSION WITH INTENT TO DISTRIBUTE CDS UNDER BALTIMORE CITY CIRCUIT COURT CASE NO. 106023043** in violation of Criminal Law Article, Section 5-622(b) . . . .

16

purpose of supplying the very information that Ferguson had complained was missing from the 2011 Indictment. The court expressly recognized the State's right to do so, but disapproved of the prosecutor's failure to notify defense counsel or the court of the superseding indictment before the rescheduled trial date.

Based on the colloquy set forth above, we conclude that the circuit court premised its decision to dismiss Counts 1 and 3 of the 2011 Indictment "with prejudice" on its collateral determination that the State failed to provide what the judge considered to be appropriate notice of the superseding 2012 Indictment. The court was incensed by the State's belated notice of the superseding indictment, apparently in contravention of the court's usual and preferred practice. The court effectively sanctioned the State for failing to notify court and counsel of the superseding indictment, by dismissing Counts 1 and 3 in the 2011 Indictment 'with prejudice." We conclude that such dismissal is not supported by the law or the record.

Neither the circuit court nor Ferguson have cited legal authority for dismissing an indictment "with prejudice." Because jeopardy never attached to the 2011 Indictment, the State had authority to file the superseding indictment at any time before trial began. *Cf. Odem*, 175 Md. App. at 703 (jeopardy does not attach at preliminary hearing to decide if a charging document is sufficient); *Stovall v. State*, 144 Md. App. 711, 728 (2002) (superseding indictment may be filed at any time before trial begins). Moreover, we are not aware of any statute, rule, or precedent that would allow a court to invalidate a grand jury's decision to re-indict a criminal defendant under a superseding indictment on the ground that,

17

thereafter, the prosecutor belatedly notified the defendant and court that she had obtained such a superseding indictment.[5] Accordingly, there is no legal basis for the court's dismissal of the 2011 Indictment "with prejudice."

Furthermore, we are not persuaded that a dismissal with prejudice, even if available, was warranted in this case. During the February 17 proceedings, the prosecutor responded to defense counsel's complaints about the 2011 Indictment, advising the court that she had informed defense counsel, via discovery responses delivered more than two months before trial, that Ferguson's predicate conviction was a 2006 felony possession of controlled dangerous substances with intent to distribute. Indeed, defense counsel insisted that he was ready for trial on all three charges, demonstrating that, notwithstanding any alleged defects in the 2011 Indictment, Ferguson had adequate notice of the charges against him and adequate opportunity to prepare for trial. When defense counsel nevertheless insisted on dismissal of Counts 1 and 3, the court instructed the parties to take up Ferguson's motion with the trial court on the rescheduled trial date. When Ferguson filed a written motion to dismiss Counts 1 and 3 of the 2011 Indictment, the State responded by obtaining a

---

[5] We recognize that dismissing and refiling an indictment may be restricted when the purpose of doing so is to avoid the 180-day trial deadline mandated under Rule 4-271(a) and *State v. Hicks*, 285 Md. 310, 318 (1979). There can be no such contention here, given that the February 17, 2012, postponement carried the case past the *Hicks* date before the State obtained the superseding indictment in March 2012. *Cf. State v. Huntley*, 411 Md. 288, 299 (2009) (dismissal to correct an allegedly defective charging document, even if the effect of the dismissal is that the case is tried more than 180 days from the original appearance in court, does not violate Rule 4-271).

18

superseding indictment that addressed the alleged deficiencies. In light of Ferguson's complaints and the court's concerns about Counts 1 and 3, the State acted reasonably and within its authority in doing so. At the April 6 hearing, just a week after the grand jury returned the superseding indictment, the prosecutor proffered that her failure to notify the court and defense counsel of the superseding indictment was merely an ill-advised oversight. The court accepted that explanation.

On this record, we cannot fairly characterize the prosecutor's failure to advise court and counsel of the superseding indictment as "misconduct." Moreover, her failure to notify court and defense counsel in no way tainted the indictment itself because it occurred after the indictment was returned. Because the prosecutor's failure to give notice could not have prejudiced Ferguson before the grand jury, this is not the type of "prosecutorial misconduct" that might warrant dismissal of an indictment. *Cf. Deleon*, 143 Md. App. at 662-69 (Assuming court had power to dismiss indictment based on prosecutor's failure to disclose exculpatory evidence to grand jury, dismissal was not warranted where such evidence was provided to the defendant before trial and there was no showing of prejudice); *Clark v. State*, 140 Md. App. 540, 562-63 (2001) (prosecutor's unintentional but misleading failure to present exculpatory DNA evidence to the grand jury did not warrant dismissal of the indictment where evidence would not have negated guilt or precluded indictment).

We conclude that, even assuming *arguendo* that the court had the power to sanction prosecutorial misconduct by dismissing the indictment with prejudice, so as to preclude a

19

superseding indictment, such a dismissal with prejudice was not warranted here. The court therefore erred in dismissing the 2011 Indictment with prejudice.

## II. Dismissal of the 2012 Indictment
## (No. 2184, Sept. Term 2012)

After dismissal of the 2011 Indictment, the State attempted to proceed on the 2012 Indictment. When the parties appeared on May 30, the court declined to conduct the arraignment pending the State's appeal of the dismissal of the 2011 Indictment, in No. 576, Sept. Term 2012. The State subsequently requested a ruling so that these related appeals could be reviewed together. On December 7, 2012, the court dismissed the 2012 Indictment without arraigning Ferguson, on the ground that the dismissal of the 2011 Indictment "with prejudice" barred the State from proceeding on the 2012 Indictment. The State noted this appeal and moved to consolidate it with No. 576.

As we explained in No. 576, our resolution of this appeal "piggybacks" on our determination that the court had no authority or grounds for dismissing the 2011 Indictment with prejudice. Because the court erred in dismissing the 2011 Indictment with prejudice, we hold that the court also erred in dismissing the superseding 2012 Indictment. We shall reverse that judgment and remand for further proceedings on the 2012 Indictment.

**IN NO. 576, SEPT. TERM 2012, THE JUDGMENT IN NO. 11242001 IS VACATED TO THE EXTENT THAT THE DISMISSAL PURPORTS TO BE "WITH PREJUDICE."**

**IN NO. 2184, SEPT. TERM 2012, THE JUDGMENT IN NO. 112089028 IS REVERSED. CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**COSTS TO BE PAID BY APPELLEE.**