**UNITED STATES of America**

v.

**John A. GOTTI, Defendant.**

**No. 04 CR 690(SAS).**

United States District Court,
S.D. New York.

Dec. 8, 2005.

Michael G. McGovern, Joon H. Kim, Victor L. Hou, Assistant United States Attorneys, New York City, for the Government.

Law Offices of Jeffrey Lichtman, New York City, Law Office of Marc Fernich, New York City, for Defendant.

## OPINION AND ORDER

SCHEINDLIN, District Judge.

### I. INTRODUCTION

John A. Gotti's motion under Rule 29 of the Federal Rules of Criminal Procedure presents an issue of first impression for this Court, and quite possibly for all courts. At the end of Gotti's trial, the jury deadlocked on three of the four predicate acts charged in support of the substantive racketeering offense.[1] In the ensuing colloquy, the Government argued that the jurors had to be unanimous as to unproven acts as well as proven acts and because their verdict was not unanimous I should declare a mistrial. Gotti argued that the Government's failure to prove two predicate acts should result in a judgment of acquittal on the substantive racketeering charge. Gotti agreed to the entry of a mistrial, but reserved his right to move post-trial for a judgment of partial acquittal. Gotti now brings that motion.

For the reasons set forth below, Gotti's motion is denied. Thus, the Government will get a second chance to do what it failed to do at the first trial—prove an essential element of the offense—namely a

---

**1.** The jury found Gotti not guilty of one of the predicate acts.

pattern of racketeering. Ordinarily, this is not the least bit unusual. The Government is entitled to try again unless a jury unanimously agrees that the defendant is not guilty. The difficult question raised here is whether a jury should be instructed that unless they unanimously conclude that the defendant committed at least two related acts of racketeering, they must acquit the defendant of racketeering. This jury was not so instructed. Whether a jury should be so instructed is a question for another day and inevitably a higher court.

## II. BACKGROUND

Gotti was charged with a substantive violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") for conducting the affairs of the Gambino Organized Crime Family. *See* Count One of Indictment S2 04 CR 690(SAS) ("Indictment") (charging a violation of 18 U.S.C. § 1962(c)). Gotti was also charged with RICO conspiracy in violation of 18 U.S.C. § 1962(d). *See* Count Two of Indictment.[2] A trial on these charges was held in August and September of 2005. Because the jury did not unanimously find two predicate acts supporting the substantive RICO violation to be proven, and because the jury announced that it was deadlocked on the RICO conspiracy count, Gotti now moves under Rule 29 of the Federal Rules of Criminal Procedure for a judgment of partial acquittal on Counts One and Two.

In support of the substantive RICO offense, the Government charged Gotti with four predicate acts. Racketeering Act One charged Gotti with conspiring to kidnap and kidnaping Curtis Sliwa. *See* Indictment ¶¶ 14(a) & (b). Racketeering Act Four[3] charged Gotti with conspiring to commit two types of securities fraud: (1) fraud in the offer and sale of securities and (2) fraud in connection with the purchase and sale of securities. *See id.* ¶ 17. Racketeering Act Five charged Gotti with conspiring to commit extortion in the construction industry. *See id.* ¶ 18. Finally, Racketeering Act Six contains three charges involving loansharking: (1) financing extortionate extensions of credit; (2) conspiring to make extortionate extensions of credit; and (3) conspiring to collect extensions of credit through extortionate means. *See id.* ¶ 19.

On September 19, 2005, the Court received a note from the jury which read: "[I]n Count One, what do we do if one of the racketeering acts [is] deadlocked and it is the deciding factor in whether the defendant is guilty or not guilty for Count One?" Trial Transcript ("Tr.") at 5265. In response to this note, Marc Fernich, one of Gotti's attorneys, stated that "[T]he answer to question two should in our view be if you cannot agree unanimously ... that [an] act has been proven then you must find that particular[ ] act not proved or unproven." *See id.* at 5269–70.[4] The Government objected to Fernich's interpretation, arguing that the jury had to be unanimous in order to check the "Proved" box

---

2. Gotti was also charged with Conspiracy to Commit Securities Fraud, *see* Indictment Count Three, of which he was acquitted, and Conspiracy to Commit Extortion in the Construction Industry, *see id.* Count Six, on which the jury deadlocked. Gotti concedes that retrial is permissible on Count Six. *See* Memorandum in Support of John A. Gotti's Rule 29 Motion for Partial Acquittal ("Gotti Mem.") at 3 n. 3.

3. Racketeering Acts Two and Three pertain only to defendant Michael Yanotti.

4. The trial transcript incorrectly attributes the statement to Jeffrey Lichtman, Gotti's co-counsel, but the statement was actually made by Fernich. *See* Gotti Mem. at 2.

or the "Not Proved" box on the Verdict Sheet. *See id.* at 5271, 5278 (Assistant United States Attorney Michael McGovern requesting that the Court "specifically inform the jury that they must be unanimous as to proved or not proved."). Over an objection by defense counsel Fernich, the Court adopted the Government's interpretation. *See id.* at 5278 ("What Mr. McGovern asked me to say was not that they have to be unanimous as to proved, but if they are deadlocked then they should not check either proved or not proved. That is like a third line, we can't decide. I think he is right about that."). Defense counsel Lichtman ultimately conceded the point. *See id.* After giving an *Allen* charge, I instructed the jury as follows:

> I want to add one other thing just so it is clear with respect to question two in your note. If you are not unanimous with respect to a predicate act then you can't check off proved or not proved. You will just have to leave it blank. So if you are not unanimous on a particular act, I guess you could add undecided, we couldn't decide. Don't check proved and not proved unless you are unanimous. Just check, we couldn't decide. That is important.

*Id.* at 5282.

The next day, the jury returned a note, enclosing the completed Verdict Sheet, stating that they had reached a verdict. After reviewing the Verdict Sheet, I informed the parties that the jury did not check guilty or not guilty on Count One as to any defendant because they did not unanimously find that the Government proved two predicate acts against any defendant. *See id.* at 5289. I asked the parties for guidance as to whether this constitutes an acquittal or a hung jury. *See id.* at 5292. After much colloquy, Got-ti agreed to accept a mistrial on the deadlocked counts. *See id.* at 5309.

Subject to post-trial motions, I then took a partial verdict on the remaining counts. *See id.* at 5295–97. Although I instructed the jury to refrain from revealing the actual vote on the Verdict Sheet, they nonetheless provided that information where their verdict was not unanimous. The following chart depicts the jury's verdict.

| COUNT ONE: RICO Substantive | | |
|---|---|---|
| | Proved | Not Proved |
| *Racketeering Act # 1* | | |
| Conspiracy to Kidnap Curtis Sliwa | 10 | 2 |
| Kidnaping of Curtis Sliwa | 7 | 5 |
| *Racketeering Act # 4* | | |
| Conspiracy to Commit Securities Fraud—Fraud in the Offer and Sale of Securities | | X |
| Conspiracy to Commit Securities Fraud—Fraud in Connection with the Purchase and Sale of Securities | | X |
| *Racketeering Act # 5* | | |
| Conspiracy to Commit Extortion in the Construction Industry | 11 | 1 |
| *Racketeering Act # 6* | | |
| Financing Extortionate Extensions of Credit | 11 | 1 |
| Conspiracy to Make Extortionate Extensions of Credit | 11 | 1 |
| Conspiracy to Collect Extensions of Credit through Extortionate Means | 11 | 1 |

COUNT TWO: RICO Conspiracy
Guilty  11   Not Guilty  1

COUNT THREE: Conspiracy to Commit Securities Fraud
Guilty _____   Not Guilty  X

COUNT SIX: Conspiracy to Commit Extortion in the Construction Industry
Guilty  11   Not Guilty  1

## III. DISCUSSION

In his Rule 29 motion, Gotti argues that the Government's failure to prove unanimously at least two charged racketeering acts compels his acquittal on the

substantive RICO charge. According to Gotti, "the failure to establish unanimously at least two charged predicate acts *precludes* a pattern finding as a matter of law. And where the government fails to meet its burden of proving a given element—*i.e.*, where its evidence on that element is legally insufficient—it is settled that acquittal is mandated." 11/22/05 Letter from Marc Fernich ("11/22/05 Letter") at 3 (emphasis in original). In essence, Gotti argues that unanimity is not required in order to acquit a defendant of a substantive RICO charge where the jury has not unanimously found two predicate acts proven.

In support of this argument, Gotti relies primarily on the following three sources: *United States v. Carr*, 424 F.3d 213 (2d Cir.2005); the Fifth Circuit Pattern Jury Instructions ("PJI") entitled " § 2.78 Racketeer Influenced Corrupt Organizations Act (18 U.S.C. § 1962(c))" ("PJI 2.78"); and the Eighth Circuit PJI entitled "6.18.1962A RICO—Participation in the Affairs Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c))" ("PJI 6.18.1962A"). None of these sources, however, resolves the issue of jury unanimity with regard to unproven predicate acts.

In *Carr*, the defendant was alleged to have engaged in three separate predicate acts. *See* 424 F.3d at 217. On the first day of deliberations, the jury sent the trial judge a note asking, " 'If we cannot come to a unanimous agreement on one of the three racketeering acts, what do we do? ... Can we leave the boxes blank?' " *Id.* at 222 (quoting Trial Tr., Aug. 19, 2003, at 1188). In response to this request for clarification, the court instructed the jury as follows: " '[T]o check either the box proved or the box not proved, there has to be a unanimous finding by all 12 jurors. If you're split 6–6, you can't check the not proved box. The not proved box has to be just as unanimous as a finding of not guilty

as the ultimate finding.' " *Id.* at 223 (quoting Trial Tr. at 1210). The jury found Carr guilty of the substantive RICO charge, having reached a verdict of "proved" as to all three predicate offenses. *See id.* at 224. Carr appealed the judgment, arguing that "the district court erred in instructing the jury that it had to reach unanimous agreement on each underlying racketeering act in order to conclude either that an act was 'proved' or that it was 'not proved.' " *Id.* at 218.

Because the jury returned a verdict of guilty, any error in the instruction was deemed harmless. *See id.* at 226. However, the Second Circuit stated, *in dicta*:

> We have our doubts, however, as to whether, had the jury *agreed unanimously* that the government had failed to prove two of the predicate acts beyond a reasonable doubt, without agreeing specifically as to which two had been "not proved," it should necessarily have reported itself as being at an impasse, rather than returning a verdict of acquittal for Carr. Hypothetically, for example, the jury could have agreed unanimously that Carr had not committed the first predicate act, murder, but divided on the proof of his guilt as to the second act, robbery, and third act, engaging in a narcotics conspiracy. It would in that case be possible that *every juror* voted "not proved" as to two predicate acts, the first one and one of the two others. This is not what happened and the issue is not therefore before us. But by its supplemental instructions, the district court implied that a jury thus divided must report itself at an impasse on the count in question. We are not convinced that, to the contrary, the jury could not under those circumstance properly vote to acquit the defendant. The fact that the jury "must agree unanimously and separately" as to every element of an

offense, *Richardson [v. United States,]* 526 U.S. [813], at 818, 119 S.Ct. 1707, 143 L.Ed.2d 985 [ (1999) ], in this case two predicate acts, in order *to convict* may or may not imply that the jury "must agree unanimously and separately" that the government has not proven its case beyond a reasonable doubt as to two specific predicate acts in order *to acquit.* This is not, however, an issue we must decide today.

*Id.* at 225 (emphasis added).

There are two fundamental problems with Gotti's reliance on *Carr.* First, and foremost, is the fact that the above quoted passage is *dicta* and, as such, does not have binding precedential value. *See id.* ("This is not what happened and the issue is not therefore before us."). *Second,* the hypothetical posited by the Second Circuit does not match the facts of this case. The hypothetical in *Carr* envisioned a situation where "every juror voted 'not proved' as to two predicate acts, the first one and one of the two others." *Id.* at 225. Here, in contrast, the most favorable split was 10:2 and 7:5 on Racketeering Act Number One, with a split of 11:1 on Racketeering Acts Number Five and Six. Thus, it is mathematically impossible that every juror voted "not proved" on two of the three remaining predicate acts charged in Count One. At most, seven jurors voted not proved on at least one charged predicate act.[5] Accordingly, *Carr* is not dispositive and Gotti has conceded as much. *See* 11/22/05 Letter at 6 ("Regardless, the bottom line is that *Carr* alone, while offering Gotti some measure of comfort, is simply not dispositive here.").[6]

Section 2.78 of the Fifth Circuit PJI states, in relevant part:

At a minimum, a pattern of racketeering activity requires at least two acts of racketeering activity within ten years of each other.... All of you must be unanimous as to which racketeering acts you each believe beyond a reasonable doubt that the defendant committed. Unless you are unanimous in finding beyond a reasonable doubt that the defendant committed a racketeering act charged, you must disregard that act in deciding whether the defendant *is guilty* or *not guilty* of racketeering. It is not sufficient if some of the jurors find that the defendant committed two of the acts while others of you find that the defendant committed different acts.

Sand, Siffert, Loughlin & Reiss, *Modern Federal Jury Instructions, Criminal,* * Volume, at 5–124 (2005) ("Sand") (emphasis added). According to Gotti, "when the jury reported its inability to find unanimously proven *any* constituent *predicate act,* ... it was constrained—and should have been instructed—to 'disregard' *all four* charged predicates in determining Gotti's guilt or non-guilt of 'racketeering.'" 11/22/05 Letter at 3 (emphasis in original) (citing PJI 2.78). Gotti argues that with no unanimously proven predicate acts to consider, the jury was legally obligated to acquit on Counts One and Two. *See id.* at 3–4 ("[A]cquittal was compelled as a matter of law once the jury reported its inability to find any unanimously proven predicate acts.").

■ There is a serious problem with Gotti's interpretation of PJI 2.78. Acts as to which the jury cannot reach a unanimous verdict must be disregarded in deciding two things—whether defendant is or

---

**5.** Even assuming that a different juror lodged each not proved vote for each sub-predicate act, the total number would be only eleven.

**6.** Nonetheless, the question of whether a jury must be unanimous in finding a predicate act not proven will be addressed again at the retrial.

is not guilty of racketeering. The drafters of PJI 2.78 were therefore not foreclosing a hung jury when they used the word "disregard." Rather, the word choice is intended to ensure jury compliance with the unanimity rule required by *Richardson* that has since been engrafted onto substantive RICO violations.[7] *See Richardson*, 526 U.S. at 824, 119 S.Ct. 1707 (holding that the jury in a "continuing criminal enterprise" case must unanimously agree not only that defendant committed some "continuing series of violations" but also must agree as to which "violations" make up that "continuing series"). Furthermore, Gotti's interpretation flies in the face of Rule 31 of the Federal Rules of Criminal Procedure which states that the "verdict must be unanimous."[8] The Rule goes on to state: "If the jury cannot agree on a verdict on one or more counts, the court may declare a mistrial on those counts. The government may retry any defendant on any count on which the jury could not agree." Thus, PJI 2.78 does not support the notion that a less-than-unanimous jury is bound as a matter of law to acquit.

◼ Finally, Gotti cites the Eighth Circuit's PJI 6.18.1962A which states: "For you to find [a] defendant guilty of this crime the government must prove all of these essential elements beyond a reasonable doubt [as to that defendant]; otherwise you must find . . . [the] defendant not guilty." Sand at 8–289. This instruction does not address the question of jury unanimity. The language used in the Eighth Circuit's PJI is admittedly ambiguous. It can be read to say that if the Government fails to convince a jury to find unanimously that two predicate acts have been proven, that jury must acquit. However, no case decided in the Eighth Circuit or anywhere else has adopted this interpretation.[9]

Furthermore, to read this instruction as permitting a less-than-unanimous jury to return a "not guilty" verdict would squarely contradict Rule 31. Gotti's argument that a judgment of acquittal is mandated whenever there is a less-than-unanimous

---

7. For example, Sand's Modern Federal Jury Instructions provide:

Third Element—Unanimity on Racketeering Acts

The indictment charges the defendant with commission of [insert number alleged in the indictment] racketeering acts. As I just instructed you, the government must prove beyond a reasonable doubt that at least two of the racketeering acts recited in the indictment were committed by the defendant within the prescribed time.

You may not find the defendant guilty unless you all agree unanimously that at least two particular racketeering acts were committed by the defendant. It is not enough that you all believe that two racketeering acts were committed. That is, you cannot find the defendant guilty if some of you think that only racketeering acts A and ´ B were committed by the defendant and the rest of you think that only acts C and D were committed by the defendant. There must be at least two specific racketeering acts that all of you believe were committed

by the defendant in order to convict the defendant.
Sand, Instruction 52–7.

8. "There can be no doubt that Rule 31(a) establishes unanimity as a mandatory requirement in federal criminal trials." *United States v. Pachay*, 711 F.2d 488, 490 (2d Cir. 1983).

9. The Committee Comments following 6.18.1962G Sample Verdict Form—RICO (18 U.S.C. § 1962(c)) provide clarification.

Double jeopardy may not attach and retrial may not be barred should a jury fail to check a predicate act. *See United States v. Petty*, 62 F.3d 265, 266–67 (8th Cir.1995); *United States v. Ham*, 58 F.3d 78, 85 (4th Cir.1995). A jury's failure to decide an issue will be treated as an implied acquittal only where the jury's verdict necessarily resolves an issue in the defendant's favor. *See Schiro v. Farley*, 510 U.S. 222, [226], 114 S.Ct. 783, 792, 127 L.Ed.2d 47 (1994).

jury would mean that there could never be a hung jury in a RICO case. Although Gotti attempts to rationalize this result given the *sui generis* nature of the RICO statute and its "unique" pattern requirement, *see* 11/24/05 Letter from Fernich, his position is untenable. Our criminal justice system requires jury unanimity to convict *or* to acquit.

■ Clear authority supports the proposition that a retrial does not violate the Double Jeopardy Clause. In *Richardson v. United States*, 468 U.S. 317, 324, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984), the Supreme Court stated that it has "constantly adhered to the rule that a retrial following a 'hung jury' does not violate the Double Jeopardy Clause." *Id.* at 326, 104 S.Ct. 3081 ("[W]e reaffirm the proposition that a trial court's declaration of a mistrial following a hung jury is not an event that terminates the original jeopardy to which petitioner was subjected. The Government, like the defendant, is entitled to resolution of the case by verdict from the jury, and jeopardy does not terminate when the jury is discharged because it is unable to agree. Regardless of the sufficiency of the evidence at petitioner's first trial, he has no valid double jeopardy claim to prevent his retrial.").

Relying on *Richardson*, the Seventh Circuit has stated, in the context of a racketeering case, that:

> An individual's right to be spared the emotional and financial costs of successive trials, to be protected from unfair declarations of mistrial designed to give the government a second chance to convict, and to have his or her trial completed by a specific tribunal, must be balanced against the public's interest in fair trials designed to end in just judgments. Thus, the double jeopardy clause does not bar all reprosecutions. When a jury is truly unable to reach a unanimous verdict the defendant's jeopardy is not terminated.

*United States v. Byrski*, 854 F.2d 955, 960 (7th Cir.1988) (internal quotation marks and citations omitted).[10]

---

10. Other circuits have reached the identical conclusion. For example, the Third Circuit has stated:

> In *Ashe v. Swenson* the Supreme Court held that the Double Jeopardy Clause prohibits relitigation of an issue when the jury has decided that issue in a defendant's favor by a "valid and final judgment." [397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970)]; *accord United States v. Console*, 13 F.3d 641, 664 (3rd Cir.1993). A "final judgment" in favor of a criminal defendant is an acquittal, *United States v. Lanoue*, 137 F.3d 656 (1st Cir.1998), *and an acquittal, in order to bar future litigation, must be unanimous;* a "hung jury" does not bar future prosecutions. *See Illinois v. Somerville*, 410 U.S. 458, 463, 93 S.Ct. 1066, 35 L.Ed.2d 425(1973). Because a criminal defendant bears the burden of proving that the litigation of an issue is foreclosed, *Dowling v. United States*, 493 U.S. 342, 350–51, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990); *United States v. Console*, 13 F.3d at 665, n. 28, it follows, under circumstances in which a unanimous vote is required, that the defendant can claim the benefit of collateral estoppel only if he can prove that the jury vote was in fact unanimous.

> *United States v. Merlino*, 310 F.3d 137, 142 (3rd Cir.2002) (parallel citations omitted, emphasis added). *See also Ham*, 58 F.3d at 85 (concluding that the Double Jeopardy Clause did not bar the retrial of certain predicate acts in a RICO case—citing *Schiro v. Farley*, 510 U.S. 222, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994), for the proposition that "[a] jury's failure to decide an issue will be treated as an implied acquittal only where the jury's verdict necessarily resolves an issue in the defendant's favor"); *United States v. Corona*, 804 F.2d 1568, 1570 (11th Cir.1986) ("Since the mistrial here as a result of the hung jury did not terminate the jeopardy which had attached to the defendants, the retrial of the defendants [on racketeering charges] was not double jeopardy.").

## IV. CONCLUSION

For the foregoing reasons, Gotti's motion under Rule 29 for a judgment of acquittal is denied as to both Counts One and Two.[11] The retrial of this case will proceed on February 13, 2006, as scheduled. The Clerk of the Court is directed to close this motion (Documents # 154 and 155).

SO ORDERED.

---

**11.** Contrary to defendant's argument, Count Two does not depend, *a fortiori,* on the outcome regarding Count One. A defendant can agree to commit a predicate act but not follow through in its execution. *See Salinas v. United States,* 522 U.S. 52, 53, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997) ("[A]lthough a conspirator must intend to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense, it suffices that he adopt the goal of furthering or facilitating the criminal endeavor, and he need not agree to undertake all of the acts necessary for the crime's completion."). *See also United States v. Santiago,* 214 F.Supp.2d 421, 426–27 (S.D.N.Y.2002) ("In its description of the elements of Count Two [RICO conspiracy], the Court never stated that the Government must prove that the defendant had actually participated in a pattern of racketeering activity. To the contrary, the Court states that 'it is not necessary for the particular defendant or any member of the conspiracy to actually have succeeded in carrying out the specified Racketeering Acts.' "). Therefore, for the same reasons that retrial is permissible on the RICO substantive charge, retrial on the RICO conspiracy charge is also warranted.