**UNITED STATES of America,**
**Appellee,**

v.

**John A. GOTTI, Defendant–Appellant.**

**Docket No. 05–6872–CR.**

United States Court of Appeals,
Second Circuit.

Argued: Jan. 24, 2006.

Decided: May 25, 2006.

See also 166 Fed.Appx. 517.

Marc Fernich, Law Office of Marc Fernich (Debra A. Karlstein, Law Office of Debra A. Karlstein, New York, NY, on the brief), New York, NY, for Defendant–Appellant.

Michael G. McGovern, Assistant United States Attorney for the Southern District of New York (Peter G. Neiman, Assistant United States Attorney, of counsel; Michael J. Garcia, United States Attorney, on the brief), New York, NY, for Appellee.

Before WALKER, Chief Judge, LEVAL, SOTOMAYOR, Circuit Judges.

LEVAL, Circuit Judge.

Defendant John A. Gotti ("Gotti") brings interlocutory appeal from an order of the United States District Court for the Southern District of New York (Shira A. Scheindlin, *J.*), denying his post-trial application to bar retrial of Counts One and Two, which allege violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. *See United States v. Gotti,* 413 F.Supp.2d 287 (S.D.N.Y.2005). The court declared a mistrial on those counts after the jury failed to reach a verdict. Gotti contends that because of the jury's failure to achieve unanimity on any two alleged acts of racketeering, he was entitled to judgment of acquittal on the RICO counts, and that the Double Jeopardy Clause bars retrial of those counts. In a summary order dated February 9, 2006, we affirmed, noting that an opinion would follow. This opinion explains our affirmance.

## Background

Gotti was named in four counts of a federal criminal indictment in the Southern District of New York. This appeal concerns only Counts One and Two.[1] Count One, the substantive RICO count, alleging violation of § 1962(c), charged Gotti with participating in the conduct of the affairs of a racketeering enterprise, namely, the Gambino Organized Crime Family, through a pattern of racketeering

---

1. Gotti was acquitted on Count Three, which charged conspiracy to violate the securities laws in violation of 18 U.S.C. § 371, and the jury divided on Count Six, which charged conspiracy to commit extortion in the construction industry in violation of 18 U.S.C. § 1951.

activity, which is defined by RICO as requiring "at least two acts of racketeering activity." 18 U.S.C. § 1961(5). The indictment specified several such acts: conspiring to kidnap, and kidnaping of, radio talk-show host Curtis Sliwa; conspiring to commit securities fraud; conspiring to commit extortion in the construction industry; and loansharking, and conspiring to commit loansharking. Count Two, the RICO conspiracy count, charged Gotti under § 1962(d) with conspiring to commit the offense charged in Count One. In this opinion, we limit our discussion to Count One. Because Gotti's argument as to Count One fails, his argument as to Count Two necessarily fails as well.

The jury was instructed in rendering its verdict to fill out a verdict form, on which it would mark each racketeering act alleged under the RICO counts as "proved" or "not proved." During its deliberations, the jury sent a note asking, in relevant part: "[I]n Count One, what do we do if one of the racketeering acts [is] deadlocked and it is the deciding factor in whether the defendant is guilty or not guilty for Count One?" The district court shared this note with the litigants, following the procedure we outlined in *United States v. Ronder*, 639 F.2d 931, 934 (2d Cir.1981). Gotti asked the court to instruct the jury that if it "cannot agree unanimously … that [an] act has been proven then you must find that particular act[ ] not proven or unproven." The government asked that the court "specifically inform the jury that they must be unanimous as to proved or not proved." One of Gotti's attorneys objected to such an instruction. The court informed counsel that it agreed with the government:

What [the Assistant United States Attorney] asked me to say was not that they have to be unanimous as to proved, but if they are deadlocked then they should not check either proved or not proved. That is like a third line, we can't decide. I think he is right about that.

One of Gotti's other attorneys responded, "That is fine, Judge." The court proceeded to instruct the jury: "If you are not unanimous with respect to a predicate act then you can't check proved or not proved. You will just have to leave it blank." [2]

On September 20, 2005, the jury returned its verdict, reporting that it was divided on Counts One and Two. In reporting on the predicate racketeering acts listed under Count One, the jury marked "not proved" as to conspiracy to commit securities fraud. For each of the other predicate acts, it checked neither "proved" nor "not proved." Although instructed by the judge not to do so, the jury provided the breakdown of its vote with respect to each predicate racketeering act, showing that a majority of the jurors believed that the conspiracy to kidnap Curtis Sliwa, the kidnaping of Sliwa, the extortion conspiracy, loansharking, and the loansharking conspiracy had been proved. No racketeering act was unanimously found to have been proved.

The court declared a mistrial as to Counts One and Two. Gotti then made the motion, which is the subject of this appeal, seeking acquittal on those counts and an order barring their retrial. Gotti argued that because the government failed to prove two predicate racketeering acts, he was entitled to acquittal on the RICO charges and the government was therefore barred from retrying him on those

---

**2.** The court continued: "So if you are not unanimous on a particular act, I guess you could add undecided, we couldn't decide. Don't check proved or not proved unless you are unanimous. Just check, we couldn't decide. That is important."

charges. The district court rejected this argument, reasoning that "[o]ur criminal justice system requires jury unanimity to convict *or* to acquit" and that the predicate acts of racketeering needed to establish a pattern of racketeering activity were no exception. 413 F.Supp.2d at 294. The court accordingly denied judgment of acquittal and ruled that Gotti could be retried on the RICO counts.[3] Gotti then brought this interlocutory appeal seeking to bar his retrial on the RICO counts.[4]

## Discussion

■ In order to convict Gotti of participation in the conduct of the affairs of a racketeering enterprise in violation of 18 U.S.C. § 1962(c), the government was obliged to prove beyond a reasonable doubt that Gotti participated in that enterprise's affairs "through a pattern of racketeering activity." 18 U.S.C. § 1962(c). A pattern of racketeering activity is defined as "at least two acts of racketeering activity." 18 U.S.C. § 1961(5). Gotti contends that the jury should have been instructed to disregard each predicate act that it did not unanimously find to have been proved. According to his argument, the jury should have been compelled to disregard all of the alleged predicate acts, as the jury did not unanimously find any to have been proved. He argues that, as each alleged predicate act must be disregarded, the government failed to prove the two acts necessary to establish a pattern, which is an element of a RICO conviction. Gotti claims that he is therefore entitled to a judgment of acquittal on the RICO counts and, under the Double Jeopardy Clause, may not be retried.

Gotti does not dispute that a jury verdict must be unanimous. *See* Fed.R.Crim.P. 31(a) ("The verdict must be unanimous."). However, he argues that where a jury cannot unanimously agree that the government has proven two predicate acts, the defendant must be acquitted on the RICO counts. He reasons that, unless a jury is unanimous that a predicate act has been proved, that predicate act must be disregarded; if less than two predicate acts remain before the jury, the court must enter a judgment of acquittal.

We reject Gotti's extraordinary argument. On this reasoning, juror disagreement as to the proof of a predicate act could *never* result in a hung jury. If one hundred predicate acts were charged to

---

3. Gotti's retrial commenced on February 13, 2006 and ended in a mistrial on March 10, 2006. A third trial is scheduled for July 5, 2006.

4. Our jurisdiction to hear Gotti's interlocutory appeal is based upon the collateral order doctrine, which permits our interlocutory review of certain final decisions despite the absence of a final judgment. *See* 28 U.S.C. § 1291 ("The courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States...."); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) (holding that appellate jurisdiction exists, despite the absence of a final judgment, "in that small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."). Among the final decisions encompassed by the collateral order doctrine is a court denial's of a pretrial motion to dismiss counts of an indictment on double jeopardy grounds. *See Abney v. United States*, 431 U.S. 651, 662, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) ("We ... hold that pretrial orders rejecting claims of former jeopardy ... constitute 'final decisions' and thus satisfy the jurisdictional prerequisites of § 1291."); *United States v. Aliotta*, 199 F.3d 78, 82 (2d Cir.1999) ("Among the motions immediately appealable under the collateral order doctrine are pretrial motions to dismiss indictments on double jeopardy grounds.").

establish the pattern, and, as to each, the jurors voted eleven to one that it was proved, the court would be compelled to enter a judgment of acquittal. Assuming the other elements of the RICO charge were proved to the jury's satisfaction, lack of unanimity as to two predicate acts results in a hung jury and a mistrial, not a judgment of acquittal. The government is permitted to retry a defendant following a mistrial resulting from a hung jury. *See* Fed.R.Crim.P. 31(b)(3) ("If the jury cannot agree on a verdict on one or more counts, the court may declare a mistrial on those counts. The government may retry any defendant on any count on which the jury could not agree."); *Richardson v. United States,* 468 U.S. 317, 323–25, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984).

Gotti's argument is based in part on a misreading of the Supreme Court's decision in *Richardson v. United States,* 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999). In *Richardson,* the defendant was charged with a violation of 21 U.S.C. § 848(a), which makes it a crime to "engage[ ] in a continuing criminal enterprise." A "continuing criminal enterprise" is defined as a violation of the federal drug statutes, where "such violation is a part of a continuing series of violations." 21 U.S.C. § 848(c)(2). Courts have interpreted the requirement of a "continuing series of violations" to require proof of a minimum of three violations. *See, e.g., United States v. Simmons,* 923 F.2d 934, 952 (2d Cir.1991); *United States v. Valenzuela,* 596 F.2d 1361, 1367 (9th Cir.1979). The *Richardson* Court considered whether conviction required unanimity only that there was a continuing series of violations, or required unanimity as to each of the violations necessary to establish the series. The Court explained:

> In this case, we must decide whether the statute's phrase "series of violations" refers to one element, namely a "series,"

in respect to which the "violations" constitute the underlying brute facts or means, or whether those words create several elements, namely the several "violations," in respect to *each* of which the jury must agree unanimously and separately. Our decision will make a difference where, as here, the Government introduces evidence that the defendant has committed more underlying drug crimes than legally necessary to make up a "series." (We assume, but do not decide, that the necessary number is three, the number used in this case.) If the statute creates a single element, a "series," in respect to which individual violations are but the means, then the jury need only agree that the defendant committed at least three of all the underlying crimes the Government has tried to prove. The jury need not agree about which three. On the other hand, if the statute makes each "violation" a *separate element, then the jury must agree unanimously about which three crimes the defendant committed.*

*Richardson,* 526 U.S. at 817–18, 119 S.Ct. 1707. The Court concluded that conviction required jury unanimity as to each violation composing the series.

■ Gotti's argument assumes, as we have assumed, that the *Richardson* holding (as to three violations constituting a series) applies equally to RICO's requirement of two predicate racketeering acts establishing a pattern. In order to find that a defendant participated in two racketeering acts, as needed to establish a "pattern," the jury must be unanimous not only that at least two acts were proved, but must be unanimous as to each of two predicate acts. *See, e.g., United States v. Carr,* 424 F.3d 213, 224 (2d Cir.2005) ("[T]he jury must find that the prosecution proved each one of those two … specifically alleged predicate acts beyond a rea-

sonable doubt."); *Monsanto v. United States,* 348 F.3d 345, 346 (2d Cir.2003) ("The court correctly told the jury that it would not be sufficient for each of the jurors to find the defendant had committed two of the predicate acts (e.g., with some jurors believing he committed only acts 1 and 2, and others believing he committed only acts 3 and 4); rather, the jurors must unanimously agree that the defendant had committed at least two specific predicate acts."); *United States v. Dhinsa,* 243 F.3d 635, 670 (2d Cir.2001). But assuming that the *Richardson* holding applies also to RICO, nothing about it supports Gotti's argument that jury disagreement about the predicate acts compels acquittal. If each of two predicate acts is a separate element of a substantive RICO charge, then the absence of unanimity as to that element means, as with any other element, only that the jury may not convict.

Gotti also relies on *United States v. Carr,* 424 F.3d 213 (2d Cir.2005). In *Carr,* a count of the indictment charged defendant with conducting the affairs of an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c). Three predicate acts were alleged to constitute the pattern of racketeering activity. During deliberations, the jury sent a note to the district court asking, "If we cannot come to a unanimous agreement on one of the three racketeering acts, what do we do? ... Can we leave the boxes blank?" *Id.* at 222. The court responded: "[T]o check either the box proved or the box not proved, there has to be a unanimous finding by all 12 jurors. If you're split 6–6, you can't check the not proved box. The not proved box has to be just as unanimous as a finding of not guilty as the ultimate finding." *Id.* at 223. The jury found that all three predicate acts were

proved beyond a reasonable doubt, and found defendant guilty.

On appeal, the *Carr* panel expressed a concern. It questioned whether, "had the jury agreed unanimously that the government had failed to prove two of the predicate acts beyond a reasonable doubt, without agreeing specifically as to which two had been 'not proved,' it should necessarily have reported itself as being at an impasse, rather than returning a verdict of acquittal for [the defendant]." *Id.* at 225. The court reasoned, "The fact that the jury must agree unanimously and separately as to every element of an offense, in this case two predicate acts, in order *to convict* may or may not imply that the jury must agree unanimously and separately that the government has *not* proven its case beyond a reasonable doubt as to two specific predicate acts in order *to acquit."* *Id.* (citation and internal quotation marks omitted). The court contemplated the possibility that, while disagreeing about particular predicate acts, all twelve jurors might agree that the government had failed to prove any two. Ultimately, however, the court did not reach this issue. Because the jury concluded that all three predicate acts were proved beyond a reasonable doubt, any error in the instructions was harmless.

Gotti concedes that the *Carr* panel's statements regarding the propriety of the jury instructions were dicta and are therefore not binding in this case. Nevertheless, he argues that the *Carr* dicta support his argument that he is entitled to a judgment of acquittal. He is mistaken. That discussion was addressed to a very different situation, in which jurors *unanimously* agree that the government has failed to prove two predicate acts, but disagree as to which acts have been proved and which have not.[5] *Carr* suggested that in such an

---

5. The panel offered the following hypotheti-      cal: "[T]he jury could have agreed unani-

instance the defendant might be entitled to an acquittal despite the lack of unanimity as to which predicate acts were not proved. This is not Gotti's situation. This is not a case in which all the jurors agreed that the government had failed to prove the necessary minimum of two predicate acts.[6]

Finally, Gotti attempts to draw support from the Fifth Circuit Pattern Jury Instruction, which recommends the following instruction regarding the unanimity required for the pattern-of-racketeering-activity element of a substantive RICO charge:

> All of you must be unanimous as to which racketeering acts you each believe beyond a reasonable doubt that the defendant committed. Unless you are unanimous in finding beyond a reasonable doubt that the defendant committed a racketeering act charged, *you must disregard that act* in deciding whether the defendant is guilty or not guilty of racketeering. It is not sufficient that some of the jurors find that the defendant committed two of the acts while others of you find that the defendant committed different acts.

FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CRIMINAL § 2.78, at 202 (2001) (emphasis added). Gotti argues, based on this language, that because the jury was not unanimous as to any of the four predicate acts with which he was charged, it was required to "disregard" all of them. With all the predicate acts thus disqualified, the court would be obligated to enter a judgment of acquittal.

The meaning of the Fifth Circuit instruction is not clear. It can be read to support Gotti's argument. On the other hand, it may be intended to mean nothing more than that conviction may not be predicated on any act not unanimously found to have been proved, even if all the jurors agree that the defendant committed two of the predicate acts charged. We strongly suspect that the instruction was not meant to be interpreted as Gotti argues. As noted above, this view would require that where eleven jurors agree that all the predicate acts were proved, the disagreement of a single juror would require acquittal. In any event, whatever the Fifth Circuit pattern instruction may mean, we reject Gotti's argument.[7]

---

mously that [defendant] had *not* committed the first predicate act, murder, but divided on the proof of his guilt as to the second act, robbery, and [the] third act, engaging in a narcotics conspiracy. It would in that case be possible that every juror voted 'not proved' as to two [of the three] predicate acts," *Carr*, 424 F.3d at 225, so that all the jurors agree that no more than one overt act was proved, and a "pattern" was not established.

6. The jury reported that as to the predicate act of conspiracy to commit extortion in the construction industry, the vote was eleven "proved" and one "not proved." Likewise, as to the predicate act of loansharking, the vote was eleven "proved" and one "not proved." Thus a minimum of ten jurors found that both were proved.

7. Gotti also points to the Eighth Circuit Pattern Jury Instruction, which is to be delivered to the jury after the court has enumerated all the elements of a substantive RICO offense: "For you to find [a] defendant guilty of this crime the government must prove all of these essential elements beyond a reasonable doubt [as to that defendant]; otherwise you must find ... [the] defendant not guilty." MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE EIGHTH CIRCUIT § 6.18.1962A, at 357 (2000) (brackets in original). Indeed, this pattern instruction is unclear. If it is read as Gotti argues, then it means that there can never be a hung jury on a RICO count, the only options being conviction or acquittal. However, the committee comments on the Eighth Circuit Sample Verdict Form for a § 1962(c) count foreclose such an interpretation by explaining that "[d]ouble jeopardy may not attach and retrial may not be barred should a jury fail to check a predicate act." *Id.* § 6.18.1962G, at 374.

### Conclusion

The court's denial of the defendant's motion for judgment of acquittal and an order barring his retrial is affirmed.