UNITED STATES of America, Appellee,

v.

Allan SONNENSCHEIN, Defendant-Appellant.

No. 292, Docket 77–1268.

United States Court of Appeals, Second Circuit.

Argued Oct. 21, 1977.

Decided Nov. 2, 1977.

Peter Noel Duhamel, Asst. U. S. Atty. (Robert B. Fiske, Jr., U. S. Atty., for the Southern District of New York; Robert J. Jossen, Asst. U. S. Atty., New York City of counsel), for appellee.

Irving Anolik, New York City, for defendant-appellant.

Before LUMBARD, FEINBERG and VAN GRAAFEILAND, Circuit Judges.

PER CURIAM:

■ Allan Sonnenschein appeals from his conviction for conspiracy to distribute a controlled substance (methaqualone pills) in violation of 21 U.S.C. § 846, after a jury trial before Gerard L. Goettel, J., in the United States District Court for the Southern District of New York. Appellant's most substantial argument on appeal is that he was denied the effective assistance of counsel because his privately retained attorney was allowed to leave for a vacation after the first day of trial and was replaced by another lawyer from his firm. The record discloses, however, that in a colloquy with the judge appellant expressly approved of the substitution of the second lawyer; that the latter was experienced and thoroughly familiar with the case and had originally intended to try it but had been unavoidably engaged in another trial; that he received a short adjournment after substitution to read the transcript of the preceding day; and that thereafter he adequately represented appellant. Even though the district judge should not have excused the first attorney after the trial commenced, appellant's constitutional rights were not violated under the circumstances.

■ Appellant's remaining contentions do not merit discussion. There was sufficient evidence, particularly from codefendant Triffleman, to justify submitting the case to the jury, and the proof supported the charge of a single conspiracy. Moreover, the length of jury deliberations did not require a mistrial, particularly since the jury never reported that it was deadlocked. The superseding indictment did not subject appellant, whose first trial ended in a hung jury, to double jeopardy. Finally, the record makes clear that the claim of breach of attorney-client privilege is frivolous.

Judgment affirmed.