# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

            v.

CIRILO FLORES-PEREZ,
            *Defendant-Appellant.*

No. 10-50246

D.C. No.
3:09-CR-03487-
DMS

OPINION

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted
November 2, 2010—Pasadena, California

Filed June 21, 2011

Before: J. Clifford Wallace and Susan P. Graber, Circuit
Judges, and Richard Mills,* Senior District Judge.

Opinion by Judge Mills

---

*The Honorable Richard Mills, Senior United States District Judge for
the Central District of Illinois, sitting by designation.

## COUNSEL

Devin J. Burstein, Federal Defenders of San Diego, Inc., San Diego, California, for the defendant-appellant.

Scott M. Lesowitz, Assistant United States Attorney, San Diego, California, for the plaintiff-appellee.

## OPINION

MILLS, Senior District Judge:

In this appeal, Defendant Cirilo Flores-Perez ("Flores") seeks interlocutory appellate review of the district court's denial of his motion to dismiss the superseding indictment on double jeopardy grounds.

We dismiss for want of appellate jurisdiction.

## I

Flores was arrested on September 13, 2009, by Customs and Border Protection agents. Flores invoked his right to

remain silent and was charged in a one-count indictment with attempting to transport an illegal alien.

Flores pleaded not guilty and proceeded to trial. At the close of the Government's evidence, Flores moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29, which the district court denied.

The trial resulted in a hung jury, split nine to three in favor of acquittal. Flores renewed his Rule 29 motion, claiming that there was insufficient evidence of guilt. The motion was again denied by the district court.

On March 24, 2010, Flores was arraigned on a four-count superseding indictment, charging him with (1) conspiring to transport illegal aliens and conspiring to bring illegal aliens into the United States for financial gain; (2) bringing illegal aliens into the United States for financial gain; (3) transporting illegal aliens; and (4) attempting to transport illegal aliens.

Again, Flores pleaded not guilty to the charges, and he also moved the district court to dismiss the superseding indictment on double jeopardy grounds. The district court denied that motion, and Flores then pursued this appeal.

During the initial stages of this appeal, the Government moved to dismiss the appeal for lack of jurisdiction. The issue was fully briefed and, on July 30, 2010, Appellate Commissioner Peter L. Shaw denied the motion without prejudice to the renewal of the jurisdictional issue in the answering brief.

The Government raised the jurisdictional issue in its brief and at oral argument.

## II

### A

[1] A district court's denial of a motion to dismiss an indictment on double jeopardy grounds is considered a final

decision, because it falls within the collateral order exception to the final judgment rule. *See Abney v. United States*, 431 U.S. 651, 657-62 (1977). However, in order to be appealable before final judgment, a double jeopardy claim must be "colorable." For a claim to be colorable, a defendant must show that (1) the original jeopardy has terminated, and (2) the defendant is again in jeopardy for the same crime. A defendant cannot raise a colorable double jeopardy claim that relies upon an assertion that the district court erroneously denied a motion for acquittal. *Richardson v. United States*, 468 U.S. 317 (1984).

In *Richardson*, the first trial resulted in a hung jury, and the district court declared a mistrial and scheduled a retrial. *Id.* at 318-19. In response, the defendant moved for acquittal, arguing that insufficient evidence was presented for conviction. *Id.* at 319. The defendant also argued that retrial was barred by the Double Jeopardy Clause of the Fifth Amendment. *Id.* The district court denied the motion. *Id.*

The District of Columbia Circuit dismissed the appeal for want of jurisdiction. The court reasoned that it could not hear the double jeopardy claim because it lacked jurisdiction to review the district court's denial of the acquittal motion. *Id.* at 319-20.

**[2]** The Supreme Court reversed the D.C. Circuit on the jurisdictional issue. *Id.* at 326. The Supreme Court held that double jeopardy is not implicated in cases involving mistrials due to hung juries, because there is no termination of the original jeopardy in those cases. *Id.* at 325. The Court stated that, "[r]egardless of the sufficiency of the evidence at petitioner's first trial, he has no valid double jeopardy claim to prevent his retrial." *Id.* at 326.

The Supreme Court then gave this additional guidance in a footnote:

> It follows logically from our holding today that claims of double jeopardy such as petitioner's are no longer "colorable" double jeopardy claims which may be appealed before final judgment. A colorable claim, of course, presupposes that there is some possible validity to a claim. Since no set of facts will support the assertion of a claim of double jeopardy like petitioner's in the future, there is no possibility that a defendant's double jeopardy rights will be violated by a new trial, and there is little need to interpose the delay of appellate review before a second trial can begin.

*Id.* at 326 n.6 (citations omitted). Therefore, under *Richardson*, double jeopardy claims asserting termination of jeopardy due to a hung jury and associated mistrial are no longer colorable.

We have adopted the holding of *Richardson* in several opinions. In *United States v. Schemenauer*, we held that, regardless of sufficiency of the evidence at a first trial, the defendant did not have a colorable double jeopardy claim following a mistrial due to a deadlocked jury. As a result, we lacked jurisdiction to hear the interlocutory appeal. 394 F.3d 746, 749-50 (9th Cir. 2005) ("Footnote 6 in *Richardson* squarely forecloses our interlocutory jurisdiction to consider Schemenauer's appeal.").

In *United States v. Recio*, we stated the following:

> *Richardson* held that a second trial following a hung-jury mistrial does not violate the Double Jeopardy Clause if, at the time the second trial begins, no court has ruled the government's first-trial evidence insufficient. *Richardson* also held that appellate courts may no longer exercise jurisdiction over interlocutory insufficiency appeals taken before a second trial has begun.

371 F.3d 1093, 1104 (9th Cir. 2004) (citation omitted).

**[3]** Flores argues that *Richardson* and its progeny are not controlling because he is appealing the denial of his motion to dismiss the superseding indictment, not his Rule 29 acquittal motion. Flores' argument is not convincing. It is true that Flores has appealed the denial of the motion to dismiss the superseding indictment, and Flores claims that the filing of the superseding indictment creates a colorable double jeopardy claim. However, the crux of Flores' argument regarding the superseding indictment relates almost entirely to the district court's allegedly erroneous denial of his Rule 29 motion. Flores argues that if his Rule 29 motion had been granted, double jeopardy would bar trial on the counts contained in the superseding indictment.

**[4]** Under Flores' view of the appeal, the merits of the Rule 29 motion must be reached in order to resolve the double jeopardy claim. As a result, Flores has devoted a significant portion of his briefing to arguing that the district court erroneously denied his Rule 29 motion. For the most part, then, this appeal is really an appeal of the district court's denial of the Rule 29 motion, dressed in the clothing of a double jeopardy claim. Accordingly, interlocutory review is prohibited under *Richardson*.

**B**

Flores' analogy to the prohibition against the filing of a superseding indictment during trial is not persuasive. The Eleventh Circuit confronted a similar contention in *United States v. Corona*, and rejected that argument:

> Changes in the substance of the indictment, therefore, should not be foisted upon a defendant after trial begins. However, this rationale does not apply in the current context. After a mistrial because the jury hung or for any other such reason, the defendant

> would have ample time to prepare for his defense under a superseding indictment. Therefore, even though jeopardy has attached to the defendant, the practical effect of a superseding indictment after a hung jury is no different from one returned with ample time before a trial on the merits.
>
> We now set forth the proper application of the two principles of law to this case. Since the mistrial here as a result of the hung jury did not terminate the jeopardy which had attached to the defendants, the retrial of the defendants was not double jeopardy. Since the superseding indictment allowed ample time for defendants' preparation prior to retrial, it was analogous to a superseding indictment before trial and was not analogous to a superseding indictment during trial.

804 F.2d 1568, 1570 (11th Cir. 1986) (citation omitted)

In *Howard v. United States*, 372 F.2d 294 (9th Cir. 1967), we held that a superseding indictment with new charges following a mistrial does not violate the Double Jeopardy Clause. Flores' attempts to distinguish *Corona* and *Howard* are similarly unpersuasive.

**[5]** We hold that the filing of a superseding indictment after mistrial does not raise a colorable double jeopardy claim.

### C

Flores seeks to evade the overwhelming weight of authority by raising a somewhat novel argument — original jeopardy terminated when the superseding indictment was filed. However, as Flores admits, he is unable to produce any authority directly holding that the filing of a superseding indictment after a hung jury terminates the original jeopardy from the first trial.

Flores has directed our attention to *United States v. Vavlitis*, 9 F.3d 206 (1st Cir. 1993), arguing that the case indirectly supports his contention that a post-mistrial superseding indictment terminates original jeopardy. However, in that case, the First Circuit explicitly stated the following regarding the effect of a superseding indictment upon the original indictment:

> It is clear that the grand jury's return of a superseding indictment *does not void the original indictment*. A defendant may use the Double Jeopardy Clause to prevent reprosecution following an acquittal or conviction on a superseding indictment, *but may not rely on the notion that a superseding indictment instantaneously nullifies the original indictment*.

*Id.* at 209 (citation omitted) (emphasis added).

**[6]** Other circuits have also rejected the argument that a superseding indictment terminates the original indictment. The Third Circuit explained the following in *United States v. Cerilli*:

> Although it is difficult to discern their precise contentions, the defendants, in effect, maintain that, since the original indictment has not yet been formally dismissed, and because jeopardy had attached in the proceedings under that indictment, any prosecution under the subsequent indictment would expose them to double jeopardy. We cannot, however, adopt the position advanced by the defendants.

558 F.2d 697, 700 (3d Cir. 1977) (per curiam). The court elaborated in a footnote:

> Alternatively, the defendants appear to contend that the issuance of the "superseding" indictment

necessarily constitutes the dismissal of the original indictment. Continuing this line of reasoning, they claim that, because jeopardy attached under the first indictment, and as the first indictment has, in effect, been dismissed, no prosecution is possible under the second indictment or, presumably, under any other one.

The defendants' argument in this regard is not convincing, especially in the absence of any authority for such a theory. As we understand it, there are two pending indictments against the defendants, and the government may select one of them with which to proceed to trial.

*Id.* at 700 n.3; *see also United States v. Bowen*, 946 F.2d 734, 736 (10th Cir. 1991) ("We have found no authority which supports the proposition that a superseding indictment zaps an earlier indictment to the end that the earlier indictment somehow vanishes into thin air.").

**[7]** Flores is unable to produce any authority to support this argument, and in the face of contrary authority from at least three circuits, we hold that a superseding indictment does not nullify an original indictment. We further hold that the issuance of a superseding indictment does not terminate the original jeopardy. Without the termination of the original jeopardy, no colorable claim of double jeopardy can be made. *See Richardson*, 468 U.S. at 325. Without a colorable double jeopardy claim, the Defendant cannot bring this claim on appeal. *See id.* at 326 n.6.

### III

**[8]** In summary, we hold that we lack jurisdiction to review the district court's denial of the motion for acquittal.

We further hold that the issuance of a superseding indictment following a mistrial does not create a colorable double

jeopardy claim, because the issuance of a superseding indict-ment does not nullify the original indictment, and because the issuance of a superseding indictment does not terminate the original jeopardy.

Therefore, we dismiss this appeal for want of jurisdiction.

**DISMISSED.**