**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Gregory Edward DEL VECCHIO, Defendant-Appellant.**

**No. 82–3056 Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

*June 20, 1983.*

Howard W. Skinner, Asst. Federal Public Defender, Jacksonville, Fla., for defendant-appellant.

Elizabeth Hoyt, Asst. U.S. Atty., Jacksonville, Fla., Sidney M. Glazer, Janis Kockritz, U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

A jury convicted Gregory Del Vecchio of embezzling an interstate shipment of goods valued in excess of $100 with intent to convert the goods to his own use in violation of 18 U.S.C.A. § 659. He asks this Court to reverse his conviction on the ground that the trial court's dismissal of the original indictment without his consent after the jury was selected violated Fed.R. Crim.P. 48(a): "Such a dismissal may not be filed during the trial without the consent of the defendant." We hold that the trial had not begun for purposes of Rule 48(a) because the jury had not been sworn. Thus, the dismissal was not granted "during the trial," and we affirm.

The grand jury first indicted defendant for stealing goods from a truck as part of an interstate shipment in violation of 18 U.S.C.A. § 659. The parties selected a jury

on May 17, 1982. The United States Attorney declared she was ready to proceed but requested the court not to swear the jury until just prior to trial, which was set to begin May 20. The grand jury returned a superseding indictment on May 18, which changed the date of the alleged act and added the term "embezzle" to the charge.

At a hearing to determine whether the case should be tried as planned on May 20, the government stated that it intended to proceed on the superseding indictment and to seek a dismissal of the first indictment. The defendant objected. In a formal motion filed on May 21 to dismiss the first indictment under Rule 48(a), the government prosecutor stated that she had not noticed the omission of the word "embezzle" until the weekend prior to the scheduled trial. She claimed she did not bring the error to the court's attention on May 17 for three reasons: (1) considerations of grand jury secrecy, (2) the questionable possibility of empaneling a grand jury on short notice, and (3) her desire not to bring the absence of the term "embezzle" to defense counsel's attention if it became necessary to try the case under the original indictment for fear of creating an issue on appeal, an unsuccessful prosecution, or reversible error.

Rule 48(a) allows a United States attorney to dismiss an indictment with leave of court, but such a dismissal may not be filed "during the trial" without the defendant's consent. In granting the motion to dismiss the original indictment over Del Vecchio's objection, the district court framed the issue as being whether the trial had commenced and correctly determined that the trial had not commenced because the jury had not been sworn.

Defendant's argument that for purposes of Rule 48(a) the trial commenced when the jury was selected is not in accord with settled case law. Jeopardy attaches when a jury is empaneled and sworn. *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 569, 97 S.Ct. 1349, 1353, 51 L.Ed.2d 642 (1977). Two indictments for the same offense may be outstanding at the same time if jeopardy has not attached. *United States v. Stricklin,* 591 F.2d 1112, 1115 n. 1 (5th Cir.), *cert. denied,* 444 U.S. 963, 100 S.Ct. 449, 62 L.Ed.2d 375 (1979). A prosecutor may seek a superseding indictment at any time prior to a trial on the merits. *United States v. Stricklin,* 591 F.2d at 1115 n. 1; *United States v. White,* 524 F.2d 1249, 1253 (5th Cir.1975), *cert. denied,* 426 U.S. 922, 96 S.Ct. 2629, 49 L.Ed.2d 375 (1976). Jeopardy had not attached when the second indictment was brought. Since there can be two indictments outstanding against the defendant prior to jeopardy attaching, the district court could properly grant dismissal of either indictment before the jury was sworn. The district court correctly analyzed the case utilizing principles derived from the double jeopardy clause rather than the Speedy Trial Act, as urged by the defendant. *See* Fed.R.Crim.P. 48(a) advisory committee note 4 and cases cited therein.

Del Vecchio claims the court abused its discretion because the government acted in bad faith when it requested the court not to swear the jury without revealing to the court its intent to seek the superseding indictment. A trial court has the discretion to determine whether a prosecutor's decision to terminate a pending prosecution is "clearly contrary to manifest public interest." *United States v. Cowan,* 524 F.2d 504, 513 (5th Cir.1975), *cert. denied,* 425 U.S. 971, 96 S.Ct. 2168, 48 L.Ed.2d 795 (1976). It does not appear that the government brought the second indictment to harass Del Vecchio. *See Rinaldi v. United States,* 434 U.S. 22, 29 n. 15, 98 S.Ct. 81, 85 n. 15, 54 L.Ed.2d 207 (1977) (principal purpose of Rule 48(a) "leave of court" language is to prevent prosecutorial harassment).

AFFIRMED.