**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4684**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

ANTHONY C. CARROTHERS,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:10-cr-00260-MOC-DSC-3)

Submitted: November 17, 2015      Decided: February 3, 2016

Before SHEDD, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Roderick M. Wright, Jr., WRIGHT LAW FIRM OF CHARLOTTE, PLLC, Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, Acting United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Carrothers was convicted after a jury trial of conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 371, 1344 (2012), and aiding and abetting bank fraud, in violation of 18 U.S.C. §§ 2, 1344 (2012). On appeal, Carrothers challenges only his convictions. Finding no error, we affirm.

First, Carrothers argues that the district court erred in not allowing him to call codefendant Gregory Anderson as a witness so Anderson could assert his Fifth Amendment privilege in front of the jury. We review the district court's evidentiary ruling on this issue for an abuse of discretion. United States v. Branch, 537 F.3d 328, 342 (4th Cir. 2008).

We conclude that the district court did not abuse its discretion. Although Anderson pled guilty, he had not yet been sentenced at the time of Carrothers' trial, thereby entitling him to assert the privilege. Mitchell v. United States, 526 U.S. 314, 328-29 (1999). The district court allowed Carrothers to question Anderson outside the presence of the jury, Anderson asserted the privilege, and the court found that the privilege was properly invoked. See United States v. Sayles, 296 F.3d 219, 223 (4th Cir. 2002).

Second, Carrothers asserts that the Government committed prosecutorial misconduct (1) in seeking and obtaining from the grand jury a third superseding indictment after a jury was

2

selected, but not empaneled, and the district court had denied the Government's motion to redact the second superseding indictment, and (2) in opposing his efforts to have Anderson assert his Fifth Amendment privilege before the jury. Because Carrothers failed to allege prosecutorial misconduct before the district court, we review for plain error. United States v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005) (applying plain error standard to prosecutorial-misconduct claim); see United States v. Obey, 790 F.3d 545, 547 (4th Cir. 2015) (setting forth plain error standard).

We conclude that Carrothers cannot show error, let alone plain error. To establish prosecutorial misconduct, Carrothers must establish "(1) that the prosecutor's remarks or conduct were improper and (2) that such remarks or conduct prejudicially affected his substantial rights so as to deprive him of a fair trial." United States v. Caro, 597 F.3d 608, 624-25 (4th Cir. 2010) (internal quotation marks omitted). The government has broad discretion in how to charge a defendant. United States v. Armstrong, 517 U.S. 456, 464 (1996). Additionally, at least one circuit has upheld the government's actions in obtaining a superseding indictment after selecting a jury but prior to empaneling it. United States v. Del Vecchio, 707 F.2d 1214, 1216 (11th Cir. 1983). Moreover, the Government played no role in Anderson's decision to assert his Fifth Amendment privilege,

3

as it was his privilege to assert.  Mitchell, 526 U.S. at 329-30.  The Government was also not obligated to offer Anderson immunity to testify.  United States v. Moussaoui, 382 F.3d 453, 466 (4th Cir. 2004).

Finally, Carrothers argues that the district court erred in denying his motion for a judgment of acquittal.  "We review a district court's denial of a motion for judgment of acquittal de novo."  United States v. Reed, 780 F.3d 260, 269 (4th Cir.), cert. denied, 136 S. Ct. 112, 113, 167 (2015).  The jury verdict "must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it."  Id. (internal quotation marks omitted).  "Substantial evidence is that which a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."  Id. at 269-70 (internal quotation marks omitted).

To establish Carrothers was guilty of conspiracy in violation of 18 U.S.C. § 371, "the Government must prove . . . an agreement between two or more people to commit a crime[] and . . . an overt act in furtherance of the conspiracy," United States v. Cone, 714 F.3d 197, 213 (4th Cir. 2013) (internal quotation marks omitted), as well as Carrothers' "willing participation" in the conspiracy to commit bank fraud, United States v. Tucker, 376 F.3d 236, 238 (4th Cir. 2004); see

4

United States v. Adepoju, 756 F.3d 250, 255 (4th Cir. 2014) (stating elements of bank fraud under 18 U.S.C. § 1344: "(1) the defendant knowingly executed or attempted a scheme or artifice to defraud a financial institution [or knowingly executed a scheme to obtain property held by a financial institution through false or fraudulent pretenses], (2) he did so with intent to defraud, and (3) the institution was a federally insured or chartered bank"). To establish Carrothers was guilty of aiding and abetting bank fraud, the Government was required to establish he "(1) [took] an affirmative act in furtherance of [bank fraud], (2) with the intent of facilitating the offense's commission." Rosemond v. United States, 134 S. Ct. 1240, 1245 (2014).

The evidence introduced at trial showed that, at Anderson's instructions, Carrothers added codefendant Maria Herrera, a woman whom he did not know, to his bank account and procured a check that she used to purchase a home. Herrera testified that the money was not hers and that she did not have the necessary funds to purchase the home. The evidence further showed that Carrothers requested at least one bank statement with Herrera's name on his account. Carrothers admitted that he knew his actions were designed so Anderson would not be connected to the transaction. The evidence also established that Carrothers visited a check-cashing establishment with Anderson and

5

deposited large amounts of cash into the same checking account from which he procured the check used by Herrera. The evidence also showed that Anderson received kickbacks from the sale of the home that were not disclosed to the lenders. The jury also heard testimony that Carrothers recruited at least one friend to join in his "investments" with Anderson. We therefore conclude that the evidence was sufficient to sustain the jury's verdict.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED