[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16125
Non-Argument Calendar
_____

D.C. Docket No. 7:15-cr-00022-HL-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAVARIS LAVON ROLLE,
a.k.a. Taz,
a.k.a. T,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(January 25, 2018)

Before WILLIAM PRYOR, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Tavaris Rolle appeals the 120-month, within-guideline sentence of imprisonment he received after pleading guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Rolle raises several challenges to the calculation of his guideline range, including whether he possessed at least four firearms, *see* U.S.S.G. § 2K2.1(b)(1)(A), whether he possessed a firearm in connection with another felony offense, *see id.* § 2K2.1(b)(6)(B), and whether the government proved that he had a prior state felony conviction for sale of cocaine in 2003.  After careful review, we affirm.

## I.

By August 2012, Rolle was being investigated by law enforcement for selling controlled substances from a residence in Abel, Georgia.  After an informant purchased cocaine from Rolle at the residence on August 3, law enforcement obtained and executed a search warrant the following week.  During that search, officers found, among other things, drugs, over $10,000 in currency, a Glock .40-caliber pistol, and ammunition.  One week later, after learning that Rolle possibly hosted dog fights at the residence, officers searched the surrounding area and came across a red cooler, which held a backpack containing 366 grams of marijuana and four additional firearms loaded with ammunition.

After the initial search, state authorities arrested Rolle on state charges and a state probation violation. His probation was revoked and he remained in state custody until September 2014, when he was released on parole.

In November 2015, a federal grand jury indicted Rolle on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and he was arrested soon after. The indictment specifically charged him with possession of the four firearms that were found in the red cooler outside of the residence in 2012. In April 2016, a grand jury returned a superseding indictment charging Rolle with additional offenses, including possession with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 841(a)(1), possession of the same four firearms in furtherance of a drug-trafficking crime (possession with intent to distribute marijuana), in violation of 18 U.S.C. § 924(c)(1)(A), and use of a firearm during and in relation to a drug-trafficking crime (possession with intent to distribute cocaine), in violation of § 924(c)(1)(A).

Shortly after he was arraigned on the superseding indictment, Rolle agreed to plead guilty to the § 922(g)(1) offense contained in the original indictment, without the benefit of a written agreement. During the plea colloquy, Rolle admitted that he possessed the four firearms charged in the indictment. The government represented at the plea hearing that it would move to dismiss the superseding indictment at sentencing. It did not do so, however.

3

Before sentencing, a U.S. Probation officer prepared Rolle's presentence investigation report ("PSR") and ultimately recommended a guideline range of 120 months of imprisonment (reduced from 121 to 151 months due to the statutory maximum) based on a total offense level of 29 and a criminal history category of IV.  The offense level included three enhancements relevant to this appeal:  first, an enhanced base offense level of 24 based on two prior state convictions for a felony controlled-substance offense (sale of cocaine), U.S.S.G. § 2K2.1(a)(2); second, a 2-level increase for possession of between three and seven firearms, *id.* § 2K2.1(b)(1)(A); and third, a 4-level increase for possession of a firearm in connection with another felony offense, *id.* § 2K2.1(b)(6).

Rolle filed objections to the base-offense-level calculation and to the in-connection-with enhancement.  As for the base offense level, Rolle maintained that the government failed to prove that he pled guilty to and was convicted of one of the two sale-of-cocaine offenses (the "2003 conviction").[1]  As for the § 2K2.1(b)(6) enhancement, he argued that there was no evidence to support it, since the firearms were found outside of the residence while he was in custody.

At sentencing, the district court heard testimony from a law-enforcement agent involved in the search of the residence and considered state-court documents

---

[1]  Rolle also argued below that his prior convictions should not have counted because adjudication of guilt was withheld under the Georgia First Offender Act, but he has abandoned that issue on appeal by failing to raise it in his briefing to this Court.  *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (issues not briefed on appeal are deemed abandoned).

submitted by the government both before and during the sentencing hearing. Based on these records and the agent's testimony, the district court overruled Rolle's objections, adopted the PSR's recommendations, and then sentenced Rolle to the statutory maximum of 120 months of imprisonment. Rolle now brings this appeal.

## II.

Before addressing the merits of the appeal, we pause to consider the significance of the superseding indictment. We asked the parties to address this issue due to its potential effect on our jurisdiction. The government submits that the superseding indictment remains pending but that we have jurisdiction because Rolle's appeal is from a final judgment on the original indictment. Rolle responds that the superseding indictment is no longer pending, but he agrees with the government that, even if it is, we have jurisdiction over this appeal.

Our review indicates that the superseding indictment against Rolle remains pending before the district court. "A superceding indictment may be returned at any time before a trial on the merits[,]" and "two indictments may be outstanding at the same time for the same offense if jeopardy has not attached to the first indictment." *United States v. Stricklin*, 591 F.2d 1112, 1115 n.1 (5th Cir. 1979)[2]; *see United States v. Del Vecchio*, 707 F.2d 1214, 1216 (11th Cir. 1983) (same).

_____

[2] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Under Rule 48, Fed. R. Crim. P., 48(a), the government must obtain leave of court before dismissing an indictment. Because the government did not move to dismiss the superseding indictment against Rolle, it remains pending below.

Although the superseding indictment remains pending, we agree with both parties that we have jurisdiction over this appeal. Rolle has been convicted and sentenced to a term of imprisonment on the original indictment. *See United States v. Muzio*, 757 F.3d 1243, 1248 (11th Cir. 2014) (holding, where the issue of restitution remained unresolved, that the criminal judgment was "final for purposes of appeal because it sentenced [the defendant] to a term of imprisonment"); *id.* at 1249 ("The Court has . . . plainly held that the sentence is the judgment for purposes of permitting appeal."). The judgment sentencing Rolle to a term of imprisonment is sufficiently final to support our exercise of jurisdiction.

Furthermore, the government represents that, as reflected in its comments during the plea hearing, it does not intend to prosecute Rolle on the charges set forth in the superseding indictment. And it advises that, if we find that we lack jurisdiction in this appeal, it "will move in the district court for dismissal of the five counts of the superseding indictment as to Rolle." We find that dismissal of the superseding indictment is not necessary before we may resolve this appeal, but we expect that the government will so move after the resolution of this appeal. Accordingly, we turn to the merits of Rolle's appeal.

**III.**

When considering the district court's resolution of guideline issues, we review legal issues de novo, factual findings for clear error, and the court's application of the sentencing guidelines to the facts with "due deference."  18 U.S.C. § 3742(e); *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010); *United States v. Williams*, 340 F.3d 1231, 1238–39 (11th Cir. 2003) (holding that the deference that is due depends on the nature of the question presented).  A district court's choice between two reasonable constructions of the evidence cannot be clearly erroneous.  *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012).  We will not disturb a district court's factual findings unless we are firmly convinced that a mistake has been made.  *Id.*

We review for clear error the district court's determination that Rolle possessed a firearm "in connection with" another felony offense because it involves application of a legal standard to a specific fact pattern.  *See United States v. Carillo-Ayala*, 713 F.3d 82, 88 (11th Cir. 2013) ("[W]e generally review a district court's application of the [in-connection-with] standard to 'a detailed fact pattern' for clear error."); *United States v. Whitfield*, 50 F.3d 947, 949 & n.8 (11th Cir. 1995) ("[T]he district court's factual determination that the weapon was used or possessed 'in connection with' the burglaries was not clearly erroneous." (emphasis omitted)).

The district court may base its sentencing determinations on the defendant's admissions during his guilty plea, undisputed statements in the PSR, or evidence presented at the sentencing hearing. *United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989). The government bears the burden of establishing the facts necessary to support a sentencing enhancement by a preponderance of the evidence. *Almedina*, 686 F.3d at 1315. "The district court must ensure that the Government carries its burden by presenting reliable and specific evidence." *Id.*

## IV.

Rolle argues that the district court erred in calculating his guideline range in three ways. We address each in turn.

## A.

Rolle first argues that the government failed to prove the existence of the 2003 conviction for felony sale of cocaine. That conviction both added criminal-history points and was used to enhance his base offense level under U.S.S.G. § 2K2.1(a)(2), which provides for an enhanced base offense level of 24 if the defendant has "at least two [prior] felony convictions of either a crime of violence or a controlled substance offense."

In determining the existence of a prior conviction, a sentencing court may use any "sufficiently reliable" information to support its finding, regardless of its admissibility at trial. *United States v. Wilson*, 183 F.3d 1291, 1301 (11th Cir.

8

1999).  The Federal Rules of Evidence do not apply to sentencing proceedings. Fed. R. Evid. 1101(d)(3).

Here, the government produced substantial and sufficiently reliable evidence indicating that Rolle had two prior Georgia convictions, including the 2003 conviction, for sale of cocaine, which is a felony.  The documents submitted by the government—including arrest reports, charging and plea documents, a judgment of conviction, and related orders—establish with reasonable certainty that Rolle was arrested on two different occasions for distinct acts of selling cocaine and that he pled guilty to both offenses.  The fact that the district court did not formally admit these documents into evidence is irrelevant because the sentencing proceeding is not a trial and it is not governed by the Federal Rules of Evidence.  Accordingly, the district court did not clearly err in determining that Rolle had two prior convictions for sale of cocaine.  As a result, the court properly included both convictions, included the 2003 conviction, when calculating his guideline range.

**B.**

Rolle next contends that the evidence failed to show that he possessed a firearm "in connection with" another felony offense.  He maintains that he was in state custody at the time the weapons were found and that "there was no evidence linking Mr. Rolle to the firearms."

9

Section 2K2.1(b)(6)(B) provides for a four-level enhancement where the defendant "used or possessed any firearm or ammunition in connection with another felony offense."   U.S.S.G.  § 2K2.1(b)(6)(B).   Application Note 14 elaborates that subsection (b)(6)(B) applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense."  *Id.* § 2K2.1 cmt. n.14(A).  The Guidelines specify that "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs," the application of subsection (b)(6)(B) "is warranted because the presence of the firearm has the potential of facilitating another felony offense."  *Id.* § 2K2.1 cmt. n.14(B).

As we explained in *Carillo-Ayala*, our case law is consistent with Application Note 14 in the commentary to § 2K2.1 because we have "consistently recognized that a firearm which facilitates or has the potential to facilitate an offense is possessed 'in connection with' that offense."  *Carillo-Ayala*, 713 F.3d at 93 (applying a different guideline, U.S.S.G. § 5C1.2(a)(2), but broadly reviewing our "cases interpreting guidelines that require a 'connection'").  We have stated that "[a] firearm found in close proximity to drugs or drug-related items simply 'has'—without any requirement for additional evidence—the potential to facilitate the drug offense."  *Id.* at 92.  That is because "[a] firearm in proximity to drugs . . . has the potential to be used as a weapon."  *Id.* at 95–96.

10

Here, the district court did not clearly err in finding that Rolle possessed a firearm in connection with another felony offense for purposes of the four-level enhancement under § 2K2.1(b)(6)(B). Agent Jason Seacrist testified at the sentencing hearing that law-enforcement officers found four loaded firearms and 366 grams of marijuana together in a red cooler outside of the residence where Rolle was arrested for selling controlled substances. Seacrist also testified that drugs, money, and another firearm were found inside the residence.

Rolle claims that "there was no evidence that [he] possessed the firearms in the cooler." But he admitted to that exact fact during his guilty plea. The court was permitted to rely on that admitted conduct at sentencing. *See Wilson*, 884 F.2d at 1356. Combined with the other evidence before the district court, Rolle's constructive possession of loaded firearms that were found in close proximity to a large amount of marijuana was sufficient for the court to reasonably conclude that Rolle possessed the firearms in connection with a felony drug-trafficking offense. *See Carillo-Ayala*, 713 F.3d at 95–96; U.S.S.G. § 2K2.1 n.14(A).

## C.

Finally, Rolle argues for the first time on appeal that the district court erred in applying a two-level enhancement under U.S.S.G. § 2K2.1(b)(1)(A) based on a finding that the offense involved between three and seven firearms. Because Rolle admitted during his guilty plea that he unlawfully possessed four firearms, in

violation of 18 U.S.C. § 922(g)(1), he cannot show that the court erred, plainly or otherwise, in relying on that admission to apply the enhancement under § 2K2.1(b)(1)(A). The fact that the court did not specifically reference Rolle's admission is largely irrelevant, because "the record clearly reflects the basis for the enhancement and supports it." *United States v. Taylor*, 88 F.3d 938, 944 (11th Cir. 1996) (holding that, even where the court is required to make "individuaized findings" to support an enhancement, a remand is not necessary where "the record clearly reflects the basis for the enhancement and supports it").

## V.

For the reasons stated, the district court did not err in calculating Rolle's guideline range. Because Rolle does not otherwise challenge the reasonableness of his 120-month sentence, we affirm.

**AFFIRMED.**